Whitney v. Allen.

WHITNEY v. ALLEN et al.

21 233
129 388

An undertaking on appeal conditioned for the payment of what the judgment creditor has no legal right to receive is not, as to such condition, binding upon the sureties.

After a decree foreclosing a mortgage, the mortgagor in possession is not, until a sale is made under the decree, accountable either for rents or for use and occupation, and is subject to no liability, except that he may be restrained from the commission of waste.

16

Where an appeal is taken from a decree foreclosing a mortgage by the mortgagor who is in possession of the premises, the statute does not require an undertaking on appeal, binding the appellant to account to the plaintiff for the rents, or the value of the use and occupation of the premises, pending the appeal.

The provision in section three hundred and fifty-two of the Practice Act in regard to use and occupation refers to cases in which the creditor is entitled to the use, and more particularly to judgments and orders directing a delivery of possession. It was not intended by this section either to increase the liability of the debtor or to subject the sureties to a liability greater than that of the principal.

Plaintiff obtained a judgment foreclosing a mortgage against B., the mortgagor, who was in possession, from which B. appealed, and to perfect the appeal and stay proceedings gave an undertaking, with defendants as sureties, conditioned, among other things, that if the judgment should be affirmed, B. would pay to plaintiff the value of the use and occupation of the premises pending the appeal. The judgment having been affirmed, and no sale of the property having been made, the present action was brought against the sureties to recover the value of the use and occupation between the date of the undertaking and the affirmance of the judgment: *Held*, that the undertaking, in reference to use and occupation, was not required by the statute, and that the sureties were, therefore, not liable.

APPEAL from the Seventh Judicial District.

The complaint states that Whitney, the plaintiff, commenced an action against one Buckman to foreclose a mortgage executed by the latter upon certain premises of which he was in possession, and on the seventeenth day of February, 1859, obtained a decree of foreclosure ; that Buckman appealed from this decree, and to perfect the appeal and stay proceedings, filed an undertaking, executed by the present defendants, Allen and Baggs, as sureties, in which, after the usual recitals, they undertook, in the sum of eight hundred dollars, " that during the possession of said mortgaged property by the appellant, he will not commit any waste thereon, and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof pursuant to the judgment or order of said (appellate) Court," and that appellant should pay such costs and damages as might be awarded ; that the proceedings were stayed by this bond, and the judgment subsequently affirmed ; that Buckman, pending the appeal, retained possession, and that the value of the use and occupation was five hundred dollars, which had been

demanded by plaintiff from Buckman, but had not been paid, either by him or defendants; that defendants are liable for this sum on their undertaking, for which judgment is prayed.

To this complaint defendants demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants answered, and a trial was had before a referee, resulting in a judgment for plaintiff.

A motion for a new trial having been made and denied, defendants appeal from this order and from the judgment.

*Howell & Hopkins*, for Appellants.

The Court erred in overruling the demurrer. The complaint shows this to be an action to recover for use and occupation, or rents and profits (which we deem synonymous terms). It also shows that plaintiff was not the owner nor claimant of the premises, but that he only held a mortgage lien thereon for the payment of the judgment appealed from. In other words, he claimed interest on his debt and the rents and profits of the mortgaged premises also.

This Court have long since decided that a mortgage passes no title, but operates only as a security, and follows the debt; and in the case of *Clark* v. *Boyreau* (14 Cal. 637) and also in *Yount* v. *Howe* (Id. 465) the Court in substance say, that no action for rents and profits (or use and occupation?) can· be maintained for any period anterior to the date of purchase under a Sheriff's sale. Then, by what right does the plaintiff claim to recover both interest on his debt and the rents under this mortgage ? The language of the bond is : " That appellant will not commit waste, and will account for the use and occupation from the appeal till the surrender of the possession." Surrender of the possession to whom ? Why to the owner, of course. Then, who is the owner ? Not the plaintiff, but the appellant, for whom the defendants became surety. The three hundred and fifty-second section of the Practice Act (the section relied on for recovery) will warrant no such absurd conclusion. It was only intended to apply to actions for the recovery of land *eo nomine*—else, if to recover the rent, why the necessity for foreclosure and sale, if the mortgagee is entitled to the rents and profits before sale ?

Whitney *v.* Allen.

*A. Thomas* and *Wallace & Newell,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action upon an undertaking on appeal from a judgment of foreclosure. The undertaking provides, among other things, that if the judgment be affirmed the appellant shall pay the value of the use and occupation of the premises from the time of the appeal. Proceedings upon the judgment were stayed until the appeal was determined, and the question is, whether the sureties are bound for the value of the use and occupation during its pendency. Section three hundred and fifty-two of the Practice Act, in pursuance of which the undertaking was executed, reads as follows: "If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same shall not be stayed, unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect, that during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the Judge of the Court by which the judgment was rendered or order made, and which shall be specified in the undertaking. When the judgment is for the sale of mortgaged premises and the payment of a deficiency arising upon the sale, the undertaking shall also provide for the payment of such deficiency." Whether the sureties are bound as contended for depends upon the construction to be given to this section; and to ascertain the intention of the Legislature it is necessary to consider the nature of the judgment and the effect of other provisions of the act. The judgment was simply a judgment of foreclosure, giving no right to the possession of the property, or to the rents and profits, or the value of the use and occupation. The right to possession was contingent upon a sale and the execution of a deed; but the act provides that a purchaser from the time of the sale, etc., shall

be entitled to the rents, or the value of the use and occupation. Until a sale has been made, the debtor may remain in possession without being accountable either for rents or for use and occupation, and subject to no liability except that he may be restrained from the commission of waste. The Legislature could not have intended that in case of an appeal the liability of the debtor should be increased, and it would be unreasonable to suppose that the intention was to require an undertaking subjecting the sureties to a liability greater than that of the principal. Our opinion is, that the provision in regard to use and occupation must be understood as referring to those cases in which the creditor is entitled to the value of the use, and that an undertaking to pay what the creditor has no legal right to is not binding upon the sureties. The section includes orders as well as judgments, and the provision in question applies more particularly to judgments and orders directing a delivery of possession.

The judgment is reversed and the cause remanded for a new trial.