JOHN TREAT v. JAMES REILLY AND WM. BRYAN.

NEW TRIAL WHEN EVIDENCE IS CONFLICTING.—An appellate Court will not set aside the finding of the Court below on account of insufficiency of the evidence to support it, when the evidence is substantially conflicting.

JOINT LIABILITY IN EJECTMENT.—If one of two defendants, with the knowledge and consent of the other, employs men to remove buildings and fences from land, turn out the occupants, and take possession, the acts performed and possession so acquired are as much the acts and possession of the one who assented to them in advance, and for whose benefit in part such possession was taken and held, as of the party who actually employed the men and directed the acts to be done.

WHEN ERRONEOUS RULING NOT PREJUDICIAL.—If the Court erroneously rules that certain evidence is admissible, the opposite party is not prejudiced thereby, unless the ruling is followed by the introduction of the objectionable testimony.

WHEN ERROR NOT INJURIOUS.—A party is not injured by a refusal to strike out exceptionable testimony, if the same party afterwards introduces the same testimony, or if counsel afterwards concede the facts stated in such testimony.

PARTIES PLAINTIFF IN EJECTMENT.—One tenant in common can recover possession of the entire premises, as against a mere trespasser, without joining his co-tenants as plaintiffs.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a tract of land, containing two hundred thirty-seven and twenty-eight one hundredths acres, in the City and County of San Francisco, near the Ocean House. Both parties claimed by possession, the plaintiff by

entry in March, 1861, and the defendant by possession prior thereto.

The parties waived a jury. The Court found, that on the 27th of June, 1861, the plaintiff was in the actual possession of the land, by having inclosed it with a substantial and sufficient fence, which he maintained by building a dwelling house thereon which he then occupied by his servants, by digging a well thereon which he used, and by cultivating a portion thereof as a garden.

That on the 28th day of June, 1861, and while the plaintiff was so in possession of said lands, defendants Reilly and Bryan ousted him therefrom by the destruction of his said dwelling house and a portion of said fence.

That immediately thereafter the said plaintiff resumed his said possession of said lands, and built another dwelling house on the same, and reconstructed that portion of his fence which had been destroyed, as aforesaid, and while he was so in such resumed possession the said defendants, Reilly and Bryan, on the 3d day of July, 1865, again ousted the plaintiff therefrom by destroying his said other dwelling house and a portion of said fence, and themselves entering into possession of the said lands, parcel as aforesaid, to the exclusion of said plaintiff.

That from the time last mentioned down to and at the commencement of this action, the said defendants, Reilly and Bryan, continued to be and were in the possession of the said lands, and withheld the same from the said plaintiff.

In the course of the trial the plaintiff was introduced as a witness by his attorney, who asked him to relate a conversation that had occurred between himself and one Winter, an owner of adjoining lands. Defendants objected, and the Court overruled the objection, but the witness did not state the conversation.

The witness Treat, during his testimony, stated that he had commenced a suit in trespass in the District Court against defendant Reilly before the present suit was insti-

tuted.   Defendants' attorneys moved to strike this out, but the Court denied the motion.

There was testimony tending to show that two other persons were interested with Treat in the land.

Plaintiff recovered judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*G. F.* and *W. H. Sharp,* for Appellants, argued that the testimony showed that defendants were prior possessors, and that Treat, after his entry, had not reduced the land to such possession as enabled him to maintain ejectment.

*Elisha Cook,* and *Shafter & Dwinelle,* for Respondent, argued that the evidence was sufficient.

By the Court, SAWYER, C. J.:

This case is clearly within the rule, that appellate Courts will not set aside a finding on the ground of insufficiency of evidence to support it, when it is substantially conflicting. It is quite clear, from the evidence, that the plaintiff had reduced the land to possession at the time of the destruction of his house and fences, and of his ejection.   The only serious question is, whether the land had been reduced to actual possession by the defendants prior to the entry of the plaintiff.   There is no doubt that defendants had a house upon land some distance to the north and east of the land in controversy, probably on the adjoining quarter section, but not within the boundaries of the land embraced in this action; and that they set up a claim to a large tract of land, including some, at least, of the land in dispute; but upon the question whether any portion of the land in controversy had ever been reduced to actual possession by the defendants, there is, at best, much conflict in the testimony, as we understand it, and the Court below found for plaintiff.   Much of the testimony as to fences is not very intelligible to us in the form presented by the record.   The District Court had a

much better opportunity to appreciate its force, as the witnesses pointed out in its presence, upon the plats and maps, the boundaries and localities, in respect to which they were testifying. We find nothing to justify us in disturbing the findings on the ground of insufficiency of evidence on these points.

There is no error in the refusal to enter a nonsuit as to defendant Bryan. Bryan's own testimony is sufficient to connect him with the ouster. He had purchased an interest with Riley. He says: "Riley told me there were squatters on our land. * * * He employed men to turn them out; Riley employed the men in July, 1862, to remove the house from the premises; they were employed for us, and with my consent." This, and some other to the same effect, show that the men who destroyed the house and fences, and turned out plaintiff, were the mere servants of both Riley and Bryan, and were employed to do the work with the knowledge and consent of Bryan. It was, therefore, as much his act, as that of Riley. The possession thus acquired was as much the possession of Bryan as of Riley.

If it be conceded that the conversation between Winter and Treat was idadmissible, it does not appear that it was in fact introduced in evidence, although the Court held it to be admissible. The witness seems to have entered at once upon other testimony without stating the conversation. The defendants, certainly, could not have been prejudiced by the ruling of the Court, unless it was followed by the introduction of the objectionable evidence.

So, also, if it be conceded that the evidence of Treat, relative to an action commenced by Riley should have been stricken out, no injury could have resulted from the refusal to strike out, for the defendants themselves, in a subsequent stage of the proceedings, proved the same facts, and again, at another stage, it was conceded by the counsel of both parties that said suit had been instituted. But in any view we do not perceive how the fact could, in any degree, have affected the finding.

It has been so often held that one tenant in common can recover the entire premises as against a mere trespasser without joining his co-tenants as plaintiffs, we are surprised that counsel should make the last point presented in their brief.

The judgment and order denying a new trial affirmed.

Mr. Justice RHODES did not express an opinion.