[Sac. No. 2138. Department Two.—March 30, 1915.]

## ELIZABETH R. CARTY, Appellant, v. THEOBALD BLAUTH, Respondent.

LANDLORD AND TENANT—LIABILITY FOR COLLAPSE OF LEASED BUILDING AS RESULT OF EXCAVATIONS ON ADJOINING LOT.—In the absence of an express covenant by the lessor to uphold or keep the demised premises in repair or in a habitable condition, the lessor of a building used by the lessee for a lodging-house is not liable for injuries to the person or property of the lessee, occasioned by the collapse of the building as the result of excavations made on the adjoining lot by the owner thereof, notwithstanding the lessor was notified of the adjoining owner's intention to make the excavations, as provided by section 832 of the Civil Code, and neglected to do anything to shore up the building.

ID.—DUTY OF LANDLORD TO TENANT WITH RESPECT TO PROTECTING BUILDING AGAINST ADJOINING EXCAVATIONS.—There is nothing in section 832 of the Civil Code which casts any duty upon the owner of a building with reference to his tenants, when the proprietor of adjoining property begins to excavate for building purposes. If the tenant, seeing the imminent danger from the excavation, decides to remain and run the risk of injury, he may not complain, because the owner of the building failed to do something which he was not required to do either by the statute or by his contract with the tenant.

ID.—LESSOR NOT LIABLE FOR MAINTENANCE OF NUISANCE.—Under such circumstances, liability cannot be imposed on the lessor on the theory of the maintenance of a nuisance.

ID.—COVENANT OF QUIET ENJOYMENT—COLLAPSE OF BUILDING NOT A BREACH.—The collapse of the building under such circumstances is not a breach of the implied covenant for quiet enjoyment. That covenant is measured by the obligation of the landlord toward the tenant under the lease, and if not compelled by the lease or statute to reinforce the wall of his building, no implied covenant for quiet enjoyment could compel him to do so.

ID.—COVENANT DOES NOT SECURE LESSEE AGAINST ACTS OF STRANGERS. The general rule is that an express or implied covenant for quiet possession secures the lessee against acts or hindrances of the lessor and persons deriving their title through him, or from a paramount title, but not from the acts of strangers.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, for Appellant.

Philip S. Driver, and C. E. McLaughlin, for Respondent.

MELVIN, J.—Plaintiff appeals from a judgment entered after the sustaining of a demurrer to his complaint.

The complaint was in three counts. Briefly stated, the facts alleged were as follows:

Plaintiff was the tenant from month to month of two floors of a building situated in the city of Sacramento and belonging to defendant. Plaintiff had been for two years conducting successfully a lodging-house in the part of the building so occupied. The owner of the adjacent property, the Folsom Investment Company, began excavating on its land, and finding it necessary to dig lower than the foundations of defendant's building, gave written notice to defendant of the general nature of the excavations, but defendant failed to do anything by way of providing lateral support for his building. Despite the exercise of reasonable care by the owner of the adjoining land in making the excavation and without negligence or fault on plaintiff's part, the building collapsed, thereby seriously injuring plaintiff, destroying the furniture in her lodging-house, causing her in her flight to leave behind one hundred dollars worth of other personal property, and breaking up her business. The facts pleaded and the relief asked are the same in each count. The first count is upon defendant's alleged negligence in failing to shore up or otherwise protect his building; in the second it is alleged that by such failure he created and maintained a nuisance; and in the third it is averred that by reason of defendant's negligence plaintiff was deprived of the possession and enjoyment of the premises which had been leased to her. Plaintiff's counsel in his brief insists that the landlord is liable to his tenant under the circumstances alleged: 1. For disturbing the tenant's rights in violation of the implied covenant for quiet enjoyment; 2. For permitting a nuisance on the premises; 3. For breach of his general duty to the public to refrain from negligent conduct; and 4. For violation of his special duty not to injure any one properly on his real property.

Appellant's counsel concedes that the case of *Brewster* v. *De Fremery,* 33 Cal. 344, is directly adverse to his views, but

seeks to differentiate that case from this one because the former was decided before the code prescribed notice by the owner of adjacent property of his intention to excavate and because, as he insists, the opinion in that case was not devoted to a consideration of the duty of a landlord to refrain from disturbing the tenant's quiet enjoyment of the premises, or to other duties of such landlord as an owner of real property or as a member of the community in general.

*Brewster* v. *De Fremery* was in all of its essentials exactly like the case at bar. The plaintiff's decedent had been killed by the collapse of a building of which he was tenant from month to month. No covenants to keep the premises in repair or in habitable condition were averred, and for the purposes of the decision the court assumed that there were none. The house fell because of an excavation on the adjacent land. Defendants had timely notice of the excavation, which they ignored. A demurrer to a complaint which pleaded these facts was sustained. The court said in the course of the opinion:

"The house did not fall in consequence of any act of the owners, but in consequence of the acts of parties owning the adjoining lot, in excavating it for purposes of their own, after the deceased entered into the possession of the demised premises under the lease. There was no covenant on the part of the lessors, the defendants, to uphold or keep the premises in repair, or in a habitable condition. Without an express covenant to that effect, they were not bound to repair, or to keep the premises in a habitable condition. We think the rule correctly stated in *Howard* v. *Doolittle*, 3 Duer (10 N. Y. Super. Ct.), 464. In that case it was held that a landlord is in no case bound to repair, unless by force of an express covenant or contract, and that, even when a building is let for a special purpose, and its use and occupation for any other is, in terms, prohibited, there is no implied contract or warranty on the part of the landlord that the building shall be, or continue, fit for the purpose for which it was demised. . . . Aside from the relation of landlord and tenant there is no ground, under the circumstances alleged, for holding defendants responsible. The injuries resulted from the occupancy of the premises by the deceased as a tenant. The landlord was under no obligation to up-

hold or repair, and there was no breach of duty on his part. The cases cited in relation to nuisances have no application.''

We see no reason for departing from the doctrine of *Brewster* v. *De Fremery,* unless the duty of the landlord has been changed by section 832 of the Civil Code, which was adopted after the decision of that case. That authority has been cited with the approval, particularly on the ruling that the only consequence of a breach of a landlord's obligation to repair is that the tenant may either vacate the premises or expend one month's rent toward repairs after ineffectual notice to the lessor to make such repairs. (*Sieber* v. *Blanc,* 76 Cal. 174, [18 Pac. 260]; *Gately* v. *Campbell,* 124 Cal. 523, [57 Pac. 567].) And the same principle has been announced in such cases as *Maroney* v. *Hellings,* 110 Cal. 220, [42 Pac. 560]; *Van Every* v. *Ogg,* 59 Cal. 565; *Green* v. *Redding,* 92 Cal. 550, [28 Pac. 599]; *Callahan* v. *Loughran,* 102 Cal. 480, [36 Pac. 835]. And it has been held that in the absence from the lease of a covenant obliging the landlord to make repairs and keep the premises in habitable condition he is not liable for injuries to the tenant or others, resulting from defects in the leased property. (*Willson* v. *Treadwell,* 81 Cal. 58, [22 Pac. 304]; *Daley* v. *Quick,* 99 Cal. 180, [33 Pac. 859].)

Appellant, while admitting the force of these decisions, insists that since the adoption of section 832 of the Civil Code, the notice prescribed by that section creates a *duty* upon the part of the landlord, to safeguard his building from possible collapse and that he owes such duty, if not to the owner of the adjacent land, at least to others. But since the adoption of that section the rights and duties of proprietors of adjoining property are substantially the same as they were before. (*Aston* v. *Nolan,* 63 Cal. 274.) In *First National Bank* v. *Villegra,* 92 Cal. 98, [28 Pac. 97], it was held that the excavating owner, after giving notice, could not collect any compensation for protecting his neighbor's property. It was there held that the purpose of section 832 in its broadest scope was to enable the excavator to relieve himself from liability, not to create any liability in his favor against his neighbor. In *Conboy* v. *Dickinson,* 92 Cal. 604, [28 Pac. 809], the court quoted from the opinion in *Aston* v. *Nolan,* 63 Cal. 274, to the effect that section 832 of the Civil Code, had not materially changed the common-law rule.

(See, also, *Sullivan* v. *Zeiner,* 98 Cal. 348, [20 L. R. A. 730,
33 Pac. 348].)   There is nothing in the section considered
which casts any duty upon the owner of a building with ref-
erence to his tenants, when the proprietor of adjoining prop-
erty begins to excavate for building purposes.   If the tenant,
seeing the imminent danger from the excavation decided to
remain and run the risk of injury, just as the landlord de-
cided to run the risk of destruction to his property, he may
not complain, under the circumstances here disclosed, be-
cause the owner of the building failed to do something which
he was not required to do either by the statute or by his
contract with his tenant.

Plaintiff's contention that defendant was liable for the
maintenance of a nuisance is also fully answered by *Brewster*
v. *De Fremery.*   The same point was made in that case and
decided adversely to the appellant there.   Indeed, as all of
the obligations between the parties arose from the relation
of landlord and tenant there is no force in any of appel-
lant's contentions with reference to the defendant's alleged
breach of duty to the general public or to one properly on his
premises.   The implied covenant for quiet possession is
measured by the obligation of the landlord toward the ten-
ant under the lease.   If not compelled by the lease or the
statute to reinforce the wall of his building, no implied cove-
nant for quiet enjoyment could compel him to do so any
more than he could be compelled to sue to enforce the re-
moval of a powder factory which might be established near
the property.   In this behalf appellant says that the land-
lord owes to his tenant a duty beyond and in addition to
the duty of repairing dilapidations—a duty which arises
out of the implied covenant for quiet enjoyment.   He as-
serts that the landlord, for example, could not be held guilt-
less if he should deliberately throw rocks at his tenants or
should negligently allow rocks to be rolled down upon them.
The illustration is not apt.   The injury of which this tenant
complains was not due to any act on the part of the land-
lord, but was due entirely to the excavation on the adjoining
property.   Appellant cites *Jessen* v. *Sweigert,* 66 Cal. 182,
[4 Pac. 1188], in support of his theory.   In that case a
person passing on the street was injured by the falling of
an awning which the owner of the property had suspended
over the sidewalk by license from the city expressed in an

ordinance allowing such awnings so to be located if securely placed and maintained. It was held that the landlord's duty to the public was not altered by the fact that a tenant was in possession of the premises under a lease. There was no question of quiet enjoyment by a tenant in that case at all, nor indeed anything involving a dispute between lessor and lessee. Another inapt citation is *Milheim* v. *Baxter,* 46 Colo. 157, [133 Am. St. Rep. 50, 103 Pac. 376], a case in which a landlord was held guilty of disturbing his tenant's quiet possession by renting for immoral purposes premises owned by him adjacent to those occupied by the complaining tenant. Obviously that authority can have no application to the case at bar. Blauth had no control over the premises adjoining the land on which his building stood. He was not guilty of creating the peril to his own property. It is a general rule that an express or implied covenant for quiet possession secures the lessee against acts or hindrances of the lessor and persons deriving their title through him, or from a paramount title, but not from the acts of strangers. (24 Cyc. 1059; *Branger* v. *Manciet,* 30 Cal. 627; *Playter* v. *Cunningham,* 21 Cal. 233; *McCormick* v. *Marcy,* 165 Cal. 389, [132 Pac. 449].)

It follows from the foregoing discussion that the complaint does not state a cause of action and that the demurrer was properly sustained.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.