[Sac. No. 2999. In Bank.—December 2, 1921.]

## CHARLES F. PLATNER, Appellant, v. LILLIAN VINCENT, Respondent.

[1] APPEAL—JUDGMENT OF DISMISSAL—POINT RAISED BY DEMURRER—FAILURE TO MENTION IN BRIEF.—Where, on an appeal from a judgment of dismissal entered after demurrer sustained without leave to amend, the respondent fails to mention in her brief the point of defect of parties raised by the demurrer, it will be regarded as abandoned.

[2] HUSBAND AND WIFE—GRANT DEED—BREACH OF COVENANT—PLEADING—PARTIES.—Where a husband and wife execute a deed as joint and several obligors, the wife is severally liable and may be sued alone for a breach of covenant for quiet enjoyment.

[3] DEED—BREACH OF CONTRACT OF SEISIN—VENUE.—An action for damages for breach of a contract of seisin is not an action to try title in the sense that requires the suit to be brought in a court of competent jurisdiction of the state in which the land is situated.

[4] ID.—BREACH OF COVENANT FOR QUIET ENJOYMENT.—In the absence from a deed of a stipulation providing therefor, the question whether an express covenant for quiet enjoyment runs with the land must be determined by the *lex situs* rather than the *lex loci contractus*.

[5] ID.—COVENANT RUNNING WITH LAND—PRESUMPTION AS TO LAW OF ANOTHER STATE.—In an action for breach of a covenant for

quiet enjoyment of land situated in another state, where no stat-
ute of such state is pleaded or called to the attention of the court,
the presumption is that the law of such state is similar to the law
of this state, namely, that such a covenant runs with the land.

[6] ID.—BREACH OF COVENANT OF QUIET ENJOYMENT—VENUE.—While
a covenant for quiet enjoyment runs with the land, it is inter-
rupted by and ceases upon a breach thereof, and where the breach
occurs while the original grantee still holds the interest originally
conveyed to him by the grantor, the claim, assuming that it arises
from the fact that the broken covenant runs with the land, be-
comes a chose in action and transitory and enforceable in any
jurisdiction in which the grantor may be found.

[7] ID.—ACTION BY ORIGINAL GRANTEE—VENUE.—The original grantee
under a deed executed in this state to land situated in the state
of Washington may recover for breach of covenant for quiet en-
joyment, irrespective of whether the covenant runs with the land,
notwithstanding the laws of Washington declare such a covenant
to be an express covenant and hence for all purposes substantially
a part of the deed, since such covenant is one of agreement.

[8] ID.—ACTION BY ASSIGNEE OF ORIGINAL GRANTEE—VENUE.—Where
an assignee or grantee of the original grantee seeks recovery for a
breach of a covenant for quiet enjoyment while he holds the
title, a different rule prevails, for in such a case there is no
privity of contract between the original grantor and the assignee
and the latter's right to enforce the covenant rests upon privity
of estate, and, in the absence of a contract providing that the
covenant should inure to his benefit, his right for relief for its
breach would be dependent upon the covenant running with the
land.

[9] ID.—CONSTRUCTION OF DEED—LAW CONTROLLING.—The effect and
construction to be given a deed must be determined by the laws
of the state in which the lands it conveys are located, irrespective
of where it may have been executed or the grantors reside.

[10] ID.—DEED TO LAND IN WASHINGTON — CONSTRUCTION OF COVE-
NANTS.—Covenants in a deed executed in this state to land situ-
ated in the state of Washington must be construed and their
scope ascertained from and measured by the laws of such state,
and the words "bargain, sell and convey" contained in such a
deed constitute an express covenant for quiet enjoyment, and
recovery for breach may be had as if expressly inserted therein.

[11] ID.—INABILITY TO OBTAIN POSSESSION — PARAMOUNT TITLE —
BREACH OF COVENANT.—Failure to obtain possession by reason of
a superior title in a third person is a breach of a covenant for
quiet enjoyment.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Reversed.

The facts are stated in the opinion of the court.

H. D. Jerrett and James T. Matlock for Appellant.

L. W. Hughes for Respondent.

SHURTLEFF, J.—The amended complaint in this action contains two counts. The first alleges that on June 5, 1916, plaintiff was the owner, entitled to, and in possession of a designated lodging-house in San Francisco, under and by virtue of a certain lease, and on the same day was also the owner of, entitled to, and in possession of the furniture therein. That on said day one C. H. Vincent and the defendant Lillian Vincent made their bargain and sale deed, which is set forth *in haec verba,* conveying certain real property situate in the state of Washington to plaintiff, the operative words of which deed are, "has granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey," etc. It appears from this deed, it not being otherwise alleged, that the Vincents were residents of the county of Tehama, and that the deed was acknowledged by them in the county of Alameda, this state. It is further alleged that the consideration for the deed and the delivery thereof was said lease, and furniture of the value of two thousand five hundred dollars, which lease and furniture were then and there (on June 5, 1916) delivered to said C. H. Vincent and the defendant Lillian Vincent; that said deed was recorded; that C. H. Vincent is dead, and that the defendant Lillian Vincent is the only grantor named in said deed now living; that plaintiff, on or about the twentieth day of May, 1917, discovered for the first time that the title so conveyed to him was defective, and did, upon or about said last-mentioned date, notify the defendant that said title was defective, and then and there and at divers times thereafter until on or about the twenty-fourth day of February, 1918, made demand on defendant "for a settlement."

It is also alleged that section 8748 of Remington and Ballinger's Codes of 1915, Laws of the state of Washington,

provides as follows: That every grant, bargain, and sale deed for the conveyance of land in the state of Washington containing in substance and form the words "bargain, sell and convey . . . shall convey to the grantee, his heirs or other legal representatives, an estate of inheritance in fee simple, and shall be adjudged an *express* covenant to the grantee, his heirs or other legal representatives," that the "grantor was seized of an indefeasible estate in fee simple, free from encumbrance, done or suffered from the grantor, except the rents and services that may be reserved, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed." That by the words "grant, bargain, sell and convey," as contained in said deed, the Vincents covenanted to the plaintiff, his heirs and legal representatives, that they (Vincents) were seized of an indefeasible estate in fee simple, free from encumbrance, done or suffered from the grantor, except the rents and services that may be reserved.

"That at the time of the execution and delivery of the said deed, the said C. H. Vincent, and Lillian Vincent, the defendant herein, were not, nor were they or either of them the true, lawful, or rightful owners or owner, nor were they or either of them lawfully seized in their own right of a good and indefeasible estate of inheritance in fee simple, nor had they or either of them good right, full power, or lawful authority to grant, bargain, sell or convey the same in the manner and form, as in said deed pretended and adopted, or in any manner."

The second count is similar to the first, with the exception that it omits the allegations which are in effect but a construction of the statute just quoted, and the negative allegations that the Vincents were not the owners, nor lawfully seized in fee simple, nor had the right to convey, in the manner and form adopted in said deed, the property in it described, and, in addition, alleges, "that by the words 'grant, bargain, sell and convey,' as contained in said deed, the grantor [defendant] covenanted to the grantee, his heirs and legal representatives, to wit, for quiet enjoyment against the grantor [defendant], her heirs and assigns, unless limited by express words (and there were none) contained in said deed. That the plaintiff has not been per-

mitted at any time to peaceably occupy or enjoy said premises under the said deed, or indenture, mentioned and hereby (thereby) intended to be conveyed; nor has he been permitted to have or receive the rents, issues, and profits thereof, but, on the contrary, on the 5th day of June, 1916, one Estelle E. Cooke, at the time of making said deed, or indenture, had, and ever since has continued to have, lawful right to the premises [Lot 8] as described in said deed, . . . and J. R. Haight and Floy Haight, his wife, had and ever since they continued to have, lawful right to the premises [Lot 1] as described in said deed," and they and each of them "ousted plaintiff therefrom, and still lawfully hold him out of the same." Then follow an allegation of damages, and a prayer for judgment in the amount claimed.

To this amended complaint the defendant demurred upon the following grounds, namely: That the court had no jurisdiction of the subject of the action, nor of the subject of the first or second alleged cause of action, because each of them related to "the question of the title and possession" of real property situate in the state of Washington, "and that the judgment prayed for . . . requires a determination of such question." That the complaint as a whole, and each count thereof, fails to state a cause of action. That there is a defect of parties defendant in the omission to join the heirs of C. H. Vincent, deceased; that the first count is ambiguous and for the same reasons uncertain and unintelligible in that "no facts are alleged therein showing that the defendant was not the owner and seized of a fee-simple title and had a good right, full power and lawful authority to bargain, sell and convey the lands therein described." That the second cause of action is ambiguous and also for the same reasons uncertain and unintelligible in that "it does not appear by what right, or claim of right, or in what manner Estelle E. Cooke or J. R. Haight and Floy Haight ousted plaintiff from the premises therein described, or interfered with plaintiff's quiet enjoyment of same."

The demurrer was sustained without leave to amend; whereupon a judgment of dismissal was entered, and it is from this judgment that plaintiff prosecutes this appeal.

[1, 2] Respondent in her brief does not mention the point of defect of parties raised by the demurrer, hence it will be regarded as abandoned, but we find no merit in it, for

it appears from the amended complaint that the defendant and her husband executed the deed in question as joint and several obligors, from which it follows that defendant was severally liable and could be sued alone. (*Holzheier* v. *Hayes,* 133 Cal. 456, [65 Pac. 968].)

[3] The action sounds in damages, and if for any reason it becomes essential to investigate the title of the land described in the deed, such investigation is an incident to the main inquiry or complaint, which is not one to try title in the sense that requires the suit to be brought in a court of competent jurisdiction of the state in which the land is situate. As declared by the supreme court of Illinois (*Hayes* v. *O'Brien,* 149 Ill. 403, [23 L. R. A. 555, 37 N. E. 73]), and with which we agree, "Where the relief sought does not require the court to deal directly with the estate itself, the proceeding does not affect real estate, . . . the Court having the parties in interest all before it, may proceed, although the land to which the controversy relates may lie without the jurisdiction of the Court."

Respondent does not seriously contest the soundness of the last stated propositions so far as they are applicable to the first cause of action pleaded in the amended complaint, because it is grounded upon an alleged breach of a contract of seisin, which is admittedly a personal covenant and does not run with the land, and may be enforced wherever the covenantor may be found, but claims they do not apply to the second cause of action, which charges a breach of a covenant for quiet enjoyment, which covenant respondent affirms runs with the land, and for that reason an action for its breach can alone be brought in the proper court of the state wherein the land to which it relates is situate.

[4] In the absence from the deed of a stipulation providing therefor, the question, whether an express covenant for quiet enjoyment runs with the land, must, in our opinion, be determined by the *lex situs* rather than the *lex loci contractus;* to hold otherwise would not only give rise to possible irreconcilable confusion touching such a covenant in the state in which the land affected thereby is situate, but might be tantamount to reading into the statutes of such state a conflicting law of a sister state, which cannot be done. If, however, there are no statutes or judicial decisions in the state wherein the land is located, determining

the question, and none have been called to our attention in the instant case (unless the statute just quoted accomplishes that result, which we do not decide, but, if it does, it would merely confirm what follows), it must be assumed that in the state of Washington a covenant for quiet enjoyment runs with the land, for in the absence of a statute or agreement between the parties negativing such transmission, such covenants "run with land in all jurisdictions." (11 Cyc., p. 1088.) **[5]** Moreover, no statute of Washington upon the subject having been pleaded or called to our attention, the presumption is that the law of that state upon the subject is similar to our own, namely, that such a covenant runs with the land (Civ. Code, sec. 1464). **[6]** But while it is true that the covenant for quiet enjoyment runs with the land, it is interrupted by and ceases upon a breach thereof (11 Cyc., p. 1088; 15 C. J. 1248); and where, as here, the breach occurs while the original grantee still holds the interest originally conveyed to him by the grantor, the claim, assuming that it arises from the fact that the broken covenant runs with the land, becomes a *chose in action* and transitory and enforceable in any jurisdiction in which the grantor may be found (*Roberts* v. *Dunsmuir*, 75 Cal. 203, [16 Pac. 782]), from which it follows that in this instance the superior court of the county of Tehama also had jurisdiction of the cause of action pleaded in the second count of the amended complaint. **[7]** But we think such jurisdiction must be sustained for another and stronger reason. While it is true that each of plaintiff's two alleged causes of action respectively spring from a breach of a covenant, which the laws of Washington declare to be express and hence, for all purposes, substantially part of the deed delivered to him by the Vincents; it is likewise true that the enforcement of neither of them is dependent upon the question as to whether it runs with land. In our opinion the cause of action of the original grantee, and such is the plaintiff, is upon the deed—the contract—and if plaintiff establishes the allegations of his complaint, he should recover, irrespective of whether the covenants involved run with the land. As to the grantee, each covenant is one of agreement and not of some law declaring that it runs with the land. It is fallacious to contend that an express covenant for quiet enjoyment, such as the one involved here is de-

clared to be by the laws of Washington, could not be enforced by the grantee of the deed unless under the laws of the state wherein enforcement is sought it runs with the land. [8] Quite a different rule would prevail where an assignee or grantee of the original grantee seeks recovery for an alleged breach occurring while he held the title; in such a case there would be no privity of contract between the original grantor and the assignee, and hence the latter's right to enforce the covenant would rest upon privity of estate, and, in the absence of a contract providing that the covenant should inure to his benefit, his right for relief for its breach would be dependent upon the covenant running with the land. The early case of *Lienow* v. *Ellis,* 6 Mass. 331, upholds these views. It was an action by the assignee of the grantee upon a covenant, broken by the grantor, that the land conveyed by the deed was free of encumbrances. Chief Justice Parsons, speaking for the court, said: "When the action of covenant is founded on privity of contract between the parties, their executors or administrators, it is transitory, and may be used as a transitory action; but when it is founded on privity of estate, the action is then local, and must be sued in the county where the land lies. In the case before us, if the plaintiff can maintain an action of covenant upon the covenant on which he declares, he must maintain it as assignee of *Bartlet,* by virtue of his conveyance of the land; and his privity is a privity of estate, and not of contract."

Having determined, therefore, that the defendant's objection to the jurisdiction cannot be sustained, we pass to the discussion of her contention that neither count of the amended complaint states a cause of action.

All agree that the solution of this question depends upon the nature and extent of the covenants, if any, arising from the presence in the deed executed by the Vincents of the words "granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey," which involves the further inquiry, whether the laws of California, where the deed was executed and the grantors resided, or the laws of Washington, where the land is situate, govern and are controlling in solving the problem. A determination in favor of the state of location of the land practically disposes of the proposition, because it then becomes a ques-

tion of interpretation and application of the law of Washington, which, fortunately, is free from difficulty.

[9] We are satisfied that upon the weight of authority, as well as upon reason, the effect and construction to be given a deed must be determined by the laws of the state in which the lands it conveys are located, irrespective of where it may have been executed, or the grantors reside.

In *McGoon* v. *Scales,* 9 Wall. (76 U. S.) 23, 27, [19 L. Ed. 545, see, also, Rose's U. S. Notes], it is said: "It is a principle too firmly established to admit of dispute at this day, that to the law of the state in which land is situated must we look for the rules which govern its descent, alienation, and transfer, and for the effect and construction of conveyances." And this is true, wherever they may be made.

In *Thomson* v. *Kyle,* 39 Fla. 582, [63 Am. St. Rep. 193, 23 South. 12], the court uses the following language: "It is . . . almost universally held that so far as real estate or immovable property is concerned, we must look to the laws of the state where it is situated for the rules which govern its descent, alienation and transfer, and for the construction, validity and effect of conveyances thereof."

In *Dalton* v. *Taliaferro,* 101 Ill. App. 592, 596, it is said: "We are of opinion that the meaning and validity of the words of grant, and of the words supposed to create covenants running with the land, must stand or fall together and therefore must be governed by the same law. If a deed of land in Illinois be executed in Maine or Germany it would be unreasonable to say that while its sufficiency to transfer title must depend alone upon the laws of Illinois, yet we must resort to the laws of Maine or Germany to ascertain the existence and construction of covenants which are inseparable from the land, are annexed to the estate granted, can pass only with the grant of the land, and depend for their validity upon privity of estate between covenantor and covenantee. We therefore conclude that in a deed of conveyance of real estate, covenants running with the land are to be controlled and construed solely by the law of the state where the land is situated."

[10] It is our opinion that the covenants upon which the amended complaint is predicated must be construed and their scope ascertained from, and measured by, the law of

Washington, which, so far as applicable, is, to repeat, as follows: That the words "bargain, sell and convey" shall be adjudged an express covenant "to the grantee, his heirs or other legal representatives," that he, the grantor, "was seized of an indefeasible estate in fee simple, free from encumbrances, done, or suffered from the grantor . . . as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed, and the grantee . . . and assigns, may, in any action, recover for breaches, as if such covenants were expressly inserted." It will be noted that the statute in plain terms declares that the covenants in and by it provided shall be express as distinguished from implied, which, in substance, reads them into the deed and makes them part thereof as completely and effectively as they would be were they in terms written therein, from which it follows that the respondent, by the execution of the deed set out in the amended complaint, expressly stipulated that she was seized of the property in it described in fee simple, free from encumbrances, and for the quiet enjoyment thereof by the appellant. Respondent further contends that the second count of the amended complaint, charging a breach of the covenant for quiet enjoyment, not only fails to state a cause of action, but is uncertain and ambiguous and is a statement of conclusions of law. Its material parts have already been stated, but we will repeat them: "That the plaintiff has not been permitted at any time to peaceably occupy or enjoy said premises under the said deed, or indenture, . . . nor . . . permitted to have or receive the rents, issues, and profits thereof, but, on the contrary, . . . one Estelle E. Cooke, at the time of making said deed, or indenture, had, and ever since has continued to have, lawful right to the premises [lot 8] as described in said deed, or indenture, . . . and J. R. Haight and Floy Haight, his wife, had and ever since they continued to have, lawful right to the premises as described in said deed, or indenture, [lot 1], . . . and said Estelle E. Cooke and said J. R. Haight and Floy Haight and each of them ousted the plaintiff therefrom, and still lawfully hold him out of the same." We think this alleges such an eviction as will, if proven, constitute a breach of the covenant. It is well

settled that eviction need not be by actual dispossession. (*McGary* v. *Hastings,* 39 Cal. 360, [2 Am. Rep. 456].) In this case the court said: "The true rule deducible from the recent cases is, that the covenant [for quiet enjoyment] is broken whenever there has been an involuntary loss of possession by reason of the hostile assertion of an irresistible paramount title. . . . It is enough that the true owner asserts his title and demands the possession. If it is his right to have possession, it certainly is the duty of the covenantee to surrender it to him. The covenant is for quiet possession, and against a rightful eviction. . . . Although there must be an eviction, it is not necessary that there should be an actual dispossession of the grantee." Mr. Justice Shaw, now chief justice, speaking for the court, reaffirms this principle in *McCormick* v. *Marcy,* 165 Cal. 386, [132 Pac. 449], in these words: "There is no breach of the covenant for quiet and peaceable possession of land until there has been an eviction by the true owner, or an assertion by him of his paramount right in such a manner that the holder through the covenantor is compelled to yield possession or buy the outstanding superior title." (Citing cases.)

[11] If the assertion of the paramount title is such that the grantee cannot avoid yielding to it, or by reason of such assertion is unable to secure possession, there is an eviction as complete as would attend removal from the land by force. Failure to obtain possession by reason of a superior title in a third person is, according to the weight of authority, a breach within the meaning of the covenant. (11 Cyc. 1120; *Playter* v. *Cunningham,* 21 Cal. 229.)

From what precedes, it follows that the court erred in sustaining the demurrer, and that the judgment must be and it is reversed, and the cause remanded with instructions to the lower court to overrule the demurrer and to grant the defendant a reasonable time within which to answer the amended complaint.

Sloane, J., Shaw, C. J., Lennon, J., Wilbur, J., Waste, J., and Richards, J., *pro tem.,* concurred.