WEEKS, Judge
DECISION
This case comes before the Court on defendant Estate of Ana B. Aguon’s motion for summary judgment filed August 30, 1978, and argued September 29, 1978.
*571 Plaintiff Turtle Cove, Incorporated, subleased from Integrated Development Corporation (IDC), a parcel of property for purposes of development as a tourist attraction. Defendant Estate of Aguon had leased the property to IDC. After execution of the sublease, a suit was filed in District Court seeking to void the deed conveying the instant property from Josefina A. Roberto to the lessor, Estate of Aguon. That litigation, District Court Civil Case No. 154-72, resulted in judgment in favor of Aguon.
During the duration of Case No. 154-72 lis pendens was filed against the leased property. Plaintiff alleges that this resulted in the cessation of development and sizeable monetary damages. They further allege that the Aguon’s failure to notify Turtle Cove of the Roberto claim coupled with the filing of 154-72 constituted a breach of the covenant of quiet enjoyment contained in paragraph 4 of the prime lease.
As a separate cause of action they allege that defendant Aguon is liable for typhoon damage to the property on the theory that Aguon impliedly covenanted to require IDC to obtain insurance on the premises. Paragraph 11 of the prime lease required the tenant to carry full insurance coverage on the premises.
The covenant of quiet enjoyment insures that the tenant shall hold the premises free from eviction by a person holding paramount title or by the lessor or those claiming title under him. Carty v. Blauth, 169 Cal. 713, 147 P. 949 (1915); Lost Key Mines, Inc. v. Hamilton, 109 Cal.App.2d 569, 241 P.2d 273 (1952). That covenant generally affords no protection against interferences with the covenantee’s possession made by wrongdoing third persons, or by holders of inferior titles, whom the covenantee could defeat. 6 Powell on Real Property, Paragraph 608. When the eviction is due to the acts of trespassers or persons with *572 inferior title the remedy is against the person by whom the acts are committed, not the grantor, Platner v. Vincent, 187 Cal. 443, 202 P. 655 (1921).
In the instant action, the claim of the Robertos was adjudged to be without merit. The title of Aguon was, in fact, good title as covenanted. Plaintiff apparently relies on an alleged failure by Aguon to inform Turtle Cove of a possible title dispute as a breach. Such a failure, prior to execution of the lease, does not constitute a breach of the covenant of quiet enjoyment. Plaintiff has failed to bring to this Court’s attention any case finding a breach of the covenant of quiet enjoyment by virtue of the filing of an unsuccessful quiet title action. Perhaps for this reason they rely on an alleged omission prior to the execution of the lease as breach of the covenant. Again, no authority for such a proposition has been presented.
Since defendant has not answered in this action, the Court will assume the allegation of the complaint to be true for purposes of this motion. Therefore, there are no factual issues remaining. There has been no breach of the covenant of quiet enjoyment and defendant is entitled to summary judgment as to the first cause of action.
Plaintiff’s second cause of action alleges that defendant Estate of Aguon breached an implied covenant to require IDC to insure the premises. It is black letter law that a sublessee can have no greater rights against the lessor under the lease than the original lessee had. Handleman v. Pickerill, 84 Cal.App. 214, 257 P. 890 (1927); see generally 30 Cal.Jur.2d, Landlord and Tenant, Section 245; 49 Am.Jur.2d, Landlord and Tenant, Section 508. IDC could not have sued defendant Estate of Aguon for IDC’s own failure to insure. Therefore, Turtle Cove, IDC’s sub-lessee, cannot sue the estate for that same failure.
*573 For the foregoing reasons defendant Estate of Aguon’s motion for summary judgment as to the first and second causes of action is granted.
SUBMIT ORDER.