[No. 13608.    Department One. — November 27, 1891.]

# FIRST NATIONAL BANK OF SAN FRANCISCO, APPELLANT, *v.* A. VILLEGRA, RESPONDENT.

COTERMINOUS OWNERSHIP OF LAND — LATERAL SUPPORT — CONSTRUCTION OF CODE — NOTICE OF EXCAVATIONS — PROTECTION OF ADJACENT PROPERTY — RISK — LIABILITY OF ADJACENT OWNER. — Under section 832 of the Civil Code, which provides that a coterminous owner of land may make excavations on his land for building purposes, on using ordinary care and skill, and taking reasonable precautions to sustain the adjacent land, and giving reasonable notice to the owner of the adjacent land of his intention to make such excavations, the purpose of the notice required is to give the adjacent land-owner an opportunity to protect his property from possible damage, if he so desires, or to assume the risk of the results of the threatened excavations; and the notice does not impose a legal duty upon the adjacent land-owner to protect his land, for neglect in the performance of which a liability can be created in favor of the excavator.

ID. — OBJECT OF CODE PROVISION — EFFECT UPON LIABILITY. — The purpose of section 832 of the Civil Code, in its broadest scope, is to enable the excavator to relieve himself from liability to the adjacent owner, and not to create a right in favor of himself against the adjacent owner.

ID. — EXPENDITURES BY EXCAVATOR — SUPPORT OF WALLS OF BUILDING — RECOVERY OF MONEYS EXPENDED. — A coterminous owner of land who notifies the adjacent owner of his intention to excavate the land for purposes of building, and who, upon the neglect of the adjacent owner to take any action to protect his property from the danger of excavation, expends money in support of the walls of a building upon the adjacent

land in order to prevent the building from falling in upon the excavated lot, expends such money for his own use and benefit, and cannot recover it from the adjacent owner.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Lloyd & Wood,* for Appellant.

Plaintiff was only required to furnish such support as would hold up the defendant's land, and if, because of the weight of the building, such support proved insufficient, the plaintiff cannot be held responsible for the damages accruing by its weakness. (Civ. Code, sec. 832; *Aston* v. *Nolan,* 63 Cal. 269.) Neither a previous request to pay nor a subsequent promise to reimburse need be proved where plaintiff shows that either by compulsion of law, or to relieve himself from liability, or to protect himself from damage, he has been obliged to pay what defendant himself ought to have paid. (Abbott's Trial Evidence, 253, 254; *Bailey* v. *Bussing,* 28 Conn. 455; 2 Greenl. Ev., sec. 114; *Aston* v. *Nolan,* 63 Cal. 269.)

*George W. Chamberlain,* for Respondent.

The defendant never owed or was charged with any duty to the plaintiff, either under the statute or in any manner whatsoever, and the defendant is not liable to the plaintiff for what the plaintiff voluntarily did. (2 Wharton on Contracts, sec. 756, and cases cited in note 1, page 132; *Atkinson* v. *New Castle Water Co.,* 2 L. R. Ex. D. 441.) It appears from the complaint that the plaintiff acted in his own interest in keeping the defendant's building off his own lot, and also in the interest of the defendant's tenants. But upon the facts stated, the defendant would have been in no wise liable to such tenants for any loss they might suffer resulting from the excavation, and therefore he cannot be held liable to the plaintiff. (*Brewster* v. *De Fremery,* 33 Cal. 341.) The plaintiff having engaged contractors to do the work of

excavation, the plaintiff would not be liable for any damage caused thereby, and the act of the plaintiff in engaging the contractors, so as to absolve himself from any liability to the defendant, results in the absolving of himself from any claim against or upon the defendant. (See *Aston* v. *Nolan*, 63 Cal. 275; *Du Pratt* v. *Lick*, 38 Cal. 691; *Chicago* v. *Robbins*, 2 Black, 418.)

Garoutte, J. — This is an appeal from a judgment sustaining a demurrer to the amended complaint. The parties own adjoining lots of land in the city of San Francisco. The plaintiff was about to excavate for the purpose of building. Upon defendant's lot is a brick building. Plaintiff, in accordance with the requirements of section 832 of the Civil Code, notified defendant of his intention to excavate for the purpose of laying the foundation of his building. Defendant neglected to take any action toward the protection of his property from the danger arising from such excavation, and plaintiff, in order to prevent said building from falling in and upon his lot, was compelled to expend fourteen hundred dollars in the support of the adjacent walls of defendant's lot, which would not have been necessary had it not been for defendant's building. The action is brought to recover the amount of money thus expended. Section 832 of the Civil Code is as follows: —

"Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavations."

If plaintiff's acts have created a liability against defendant to the extent of fourteen hundred dollars, it must be upon an obligation arising upon contract or from some character of tort. There is nothing in the com-

plaint indicating anything in the nature of a contract between these parties, and no tort is shown, unless defendant has violated some provision of the section just quoted; but the service of the notice as required by that section did not cast any duty upon the defendant, for neglect in the performance of which a liability could be created in favor of the plaintiff. The purpose of the notice required was to give the adjacent land-owner an opportunity to protect his property from possible damage if he so desired; if he did not so desire, or was willing to assume the risk brought about by the threatened excavation, then, if dire results to his property should follow, the liability for such results would lie at his own door. The purpose of the section, in its broadest scope, was to enable the excavator to relieve *himself* from liability, not to *create* a liability in favor of himself, upon the adjacent owner.

It clearly appears that plaintiff expended this money for his own benefit and his own advantage, and not for the benefit and use of the defendant. A party cannot of his own volition create an obligation in his own favor by doing some act for his own interests, and the necessity for which was caused by himself. This is in no sense an action brought for the recovery of money advanced for and to the use of defendant. No legal duty rested upon the defendant to perform the work for which this money was expended, and plaintiff cannot create for himself the position of creditor against the will of the alleged debtor.

It is unnecessary to pass upon other matters discussed in appellant's brief.

Let the judgment be affirmed.

Harrison, J., and Paterson, J., concurred.