FLANAGAN BROS. MANUFACTURING CO., Appellant, v. ANNIE LEVINE, Respondent.

Kansas City Court of Appeals, February 21, 1910.

1. ADJOINING PROPRIETORS: Excavation: Injury to Building: Negligence. Each adjoining proprietor has a right to the support of the other's land in its natural state and if either withdraws that support he is liable for the injury to the adjoining soil, even though he is not negligent in removing it.

2. BUILDING: Due Care: Notice. But if there is a building on the adjoining land, he is bound to exercise due care in prosecuting the work not to injure it, which includes notice to the owner of his intention to excavate.

Flanagan Bros. Mfg. Co. v. Levine.

3. ———: ———: ———: **Shoring.** On receiving such notice, it is the duty of the owner of the building, and not that of the adjoining proprietor, to take necessary steps to protect it as is necessary beyond due care in the work by such adjoining proprietor, such as shoring, underpinning, etc.

4. ———: ———: ———: **Performance of Duty of Another: Request: Pleading.** If an adjoining proprietor gives the owner of the building notice of his intention to excavate and such owner fails to protect the building by necessary shoring, or otherwise, and the adjoining proprietor does do so without the owner of the building requesting him, and without it being necessary to secure some right of his own, his act is voluntary and he cannot hold the owner of the building liable. And a petition which shows no such request was made and alleges no such right, does not state a cause of action.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*J. H. Bremermann* for appellant.

(1) Where the owner of a building, which is threatened by an excavation about to be made on an adjoining lot it is his duty to protect his building by proper supports, and upon his refusal so to do, the excavator may do so and collect the cost from the owner of the building. Eads v. Gains, 58 Mo. App. 586; Gerst v. St. Louis, 185 Mo. 191; Dunn v. Obert, 140 Mo. 476; Charles v. Rankin, 22 Mo. 571; Larson v. Metropolitan, 110 Mo. 242; Carpenter v. Reliance, 103 Mo. App. 480; McGrath v. St. Louis, 215 Mo. 191. (2) Not necessary to serve notice if owner of building has actual knowledge of the intended improvement. Gerst v. St. Louis, 185 Mo. 191; Larson v. Railroad, 110 Mo. 243; Charles v. Rankin, 22 Mo. 573; Jones on Easements, sec. 610.

*Gage, Ladd & Small* for respondent.

The defendant had an implied right to lateral support, not only for her ground in its natural state, but

for her building, upon the adjoining lot. Am. and Eng. Ency. Law (2 Ed.), vol. 18, pp. 545-546; Hall v. Morton, 125 Mo. App. 315; Lampman v. Milks, 21 N. Y. 505; Tunstall v. Christian, 80 Va. 1; Stevenson v. Wallace, 27 Gratt. (Va.) '77; Richards v. Rose, 9 Ex. (Eng.) 218, s. c. 2 C. C. L. R. 311; 3 Kerr on Real Property, sec. 2227; 2 Washburn on Real Property (6 Ed.), sec. 1299; 1 Tiffany, Modern Law of Real Property, sec. 317; Jones on Easements, sec. 605; Washburn on Easements and Servitudes, sec. 3, p. 67; 1 Pingrey on Real Property, sec. 147; Goddard on Easements, p. 119; 1 Thompson on Negligence, pp. 275-276; Hopkins on Real Property, pp. 351-352; Tiedeman on Real Property (3 Ed.), p. 643, sec. 449; Bennet's Goddard on Easements, p. 227.

ELLISON, J.—This action was instituted by plaintiff to recover the cost and expense of labor and material in shoring and protecting the foundation of defendant's house. At the close of the evidence offered by plaintiff, defendant asked a demurrer thereto which the court granted and plaintiff appealed.

The case as disclosed by the pleadings is an uncommon one. It appears from plaintiff's petition and evidence that one Cohn and defendant owned adjoining lots. That Cohn's lot was vacant and that defendant had a brick building on her lot, one side of which was on or near the line dividing the two lots. That Cohn desired to erect a building on his lot at or near the dividing line and engaged plaintiff as contractor to build it. That Cohn notified defendant of his intentions and requested her to shore up or underpin her foundation wall, and that she failed and refused to do so. Whereupon plaintiff, at Cohn's request, did so, whereby it was put to the cost and expense for which it sought judgment. It was likewise stated and shown that Cohn assigned to plaintiff whatever interest he may have had in the matter.

The law on the general subject of the right of each adjoining proprietor to the support of the soil of the other, has been so clearly stated in Charless v. Rankin, 22 Mo. 566, and Obert v. Dunn, 140 Mo. 476; and by the St. Louis Court of Appeals in Carpenter v. Reliance Realty Co., 103 Mo. App. 480, that we find no difficulty in sustaining the action of the trial court in its conclusion that plaintiff was not entitled to a judgment. Adjoining proprietors each have a right to the natural support of the other's land to prevent the giving way of his own. But this servitude does not extend to the support of the weight of buildings, or other structures, which either may erect. And if the owner of property adjoining his neighbor's building desires to excavate on his own lot, he is only required to exercise ordinary care in prosecuting work of that nature. For while he would have to answer for an injury to the soil, without proof of want of care, that being an interference with a natural right; yet, if it is sought to hold him liable for an injury to an adjoining structure, that proof must be made. [Foley v. Wyeth, 2 Allen 131.] And a failure to give notice to the owner of the structure of the intended excavation is, itself, a want of due care. [Gerst v. St. Louis, 185 Mo. 191.]

This notice is for the purpose of giving the owner of the adjoining property warning and opportunity to protect his building; if anything more is needed than the care and expedition with which the other must prosecute the work of excavating. If anything more is needed, as by shoring or underpinning, it is the duty of the owner of the building to do it, and not that of the adjoining proprietor; and the latter is under no obligation to protect the building, otherwise than by due care and expedition in prosecuting the work: Authorities, *supra*. [Gilmore v. Driscoll, 122 Mass. 199; Thurston v. Hancock, 12 Mass. 220; Lasalla v. Holbrook, 4 Paige, 169.] See also dissenting opinion of Judges SHERWOOD and GANTT in Larson v. Railroad,

110 Mo. 246, which, in this respect, was not questioned by the majority opinion. If he goes beyond this, without being requested or employed to do so by the owner, and without its being necessary to preserve some right of his own, and performs a duty which lies upon the owners, it is his voluntary act which does not give him a cause of action any more than would the voluntary payment of the debt of another without the latter's request.

The petition in this case does not allege a request from defendant. It is drawn upon the idea that plaintiff performed a service for her which she should have performed for herself if she desired to avoid an injury to her building. It therefore omits the allegation of the necessary fact to sustain the case which plaintiff endeavors to present.

But plaintiff insists that defendant, as owner of the building, does owe a duty to the adjoining proprietor. Is it a duty owing to the adjoining proprietor by the owner of a building to keep his house from falling into the former's excavation? It is settled, as we have already stated, that it is a duty owing to *himself* to do so; that is, if he *desires to preserve* his building and make a case against the adjoining proprietor, if the latter, notwithstanding the building owner's effort in his own behalf, causes it to fall or injures it, by his negligence. But suppose he does not care for the building and wishes to abandon it. In such case does he owe a duty to the adjoining proprietor to keep it from falling into the latter's excavation *caused* by his act in digging the excavation? Suppose it is an embankment of earth raised for a purpose the owner no longer desires and which he has abandoned, must he nevertheless remove it whenever the adjoining proprietor wishes to excavate on his side of the property line? In such circumstances, is it apropos to liken such case to the nuisance of an old wall or building which falls on a passerby or on another's property and injures it?

On the other hand, it may be said that it can be likened to the nuisance just mentioned, in that if the building should fall onto the adjoining proprietor's land it would disfigure it and prevent his use of it except he clear away the *debris*. And as he has the right to excavate the property, he has the same right to the unincumbered use of it as excavated that he had before. And that he also should be secure in the safety of his workmen while engaged in excavating.

In Eads v. Gains, 58 Mo. App. 586, the St. Louis Court of Appeals sustained an action by an adjoining proprietor against the owner of an adjacent building, for shoring, etc. But the petition in that case alleged that upon the owner's refusal to secure the building, it became necessary for the adjoining proprietor to do so to avoid great danger to his workmen engaged in the excavation. We have nothing of that kind in this case. The petition, as has been stated above, is based altogether upon the idea that defendant failed to protect her own property and that plaintiff, without request, did it for her. There is no allegation, direct or by inference, that the work defendant refused to do and plaintiff did do, was necessary in order to secure the latter in any right.

It follows that the judgment should be affirmed. All concur.