## DAVIS, AGT., *v.* SAP.

*Lateral support—Right not extended to adjoining improvements which increase pressure—Adjoining owner liable to excavator, when.*

1. The right of lateral support does not extend to buildings or improvements upon adjoining land which increase the downward and lateral pressure.
2. Where a landowner, after notice to an adjoining one, and in the exercise of ordinary care and without negligence, removes the lateral support of his soil from the soil of the latter, and the latter's improvements fall upon the property of the former, which falling was due to the negligence of the latter in the construction of his improvements, the former is entitled to recover from the latter the amount of the damages sustained by him.

(Decided March 21, 1922.)

ERROR: Court of Appeals for Summit county.

Messrs. *Frank, Ream & Wise,* for plaintiff in error.

Messrs. *Rockwell & Grant,* for defendant in error.

PARDEE, J. The parties to this case are in an order the reverse of that occupied in the court below, but will be referred to in this opinion as they stood in that court.

The plaintiff, Jacob Sap, filed his amended petition in the Court of Common Pleas of Summit county against Davis, Agent, representing defendant railroad company, claiming damages to his

[1] Adjoining Landowners, 1 C. J. § 31; [2] Id., § 49 (Anno.).

property as the result of a retaining wall on defendant's property falling into an excavation on his property. The defendant filed an answer denying any liability, the case went to trial to a jury, which found in favor of the plaintiff and assessed his damages, and, after a motion for new trial filed by the defendant was overruled, a judgment in favor of the plaintiff was entered. The case is now here to reverse that judgment.

The facts of the case, which are not in dispute in this court, are substantially as follows:

The plaintiff owns a lot in the city of Akron, which lot is bounded on the east by North Howard street, on the south by Beach street, on the west by Canal street, and on the north by the right of way of the defendant railroad company. In the year 1900, before plaintiff owned the property, the defendant company built a retaining wall on its property, along the north line of present plaintiff's property, for the purpose of protecting its property and tracks, which tracks were several feet above the natural level of the plaintiff's and defendant's property. Back of this retaining wall a fill was made by the railroad company, which extended the entire length of plaintiff's property. This wall was of heavy construction and entirely upon the defendant's property, but did not extend any considerable depth below the natural surface of the soil. The plaintiff intending to improve his property by the erection of a building covering his entire lot, with a basement less than nine feet high, below the grade of Howard street, notified the defendant of his intention, and in due time began the excavation, and during the progress of

such excavation, and before any damage was done to either property, the defendant's agents had actual notice of said progressing excavation.

After notice as aforesaid, the plaintiff continued to excavate for his building, and, while so doing, a part of said retaining wall gave way and large quantities of wall and dirt fell into the excavated part of plaintiff's lot, requiring him to go to considerable expense for its removal. After he had removed the debris and completed the excavation of his entire lot, and had part of his foundation wall erected, more of defendant's wall fell, causing part of plaintiff's foundation wall to topple over, and again filling his excavation with wall and dirt from defendant's property, putting plaintiff to further expense in restoring his property.

After restoring his property, the plaintiff, claiming the defendant was obliged to repay to him the expense and damages which he had sustained on account of the slipping and sliding of defendant's said wall and dirt upon his lot and into said excavation, brought suit to recover the amount of said alleged damages. The defendant company claims that it is not liable for the damage because the plaintiff caused said retaining wall to fall by depriving it of its lateral support when he excavated for the purpose of erecting his building, there being no claim made by the defendant that the excavation was made by the plaintiff in an improper or negligent manner, or that the plaintiff owed the defendant any duty to protect the improvements upon the defendant's property.

There is only one question presented by the defendant for a reversal of the judgment and a new

trial and that is substantially this: "Was it the duty of the defendant after it received notice of the intention of the plaintiff to excavate his property up to the dividing line between the two properties, which was also up to the retaining wall, so to protect said wall as to prevent it from falling upon the land of the plaintiff and into his excavation?"

There are scores of reported cases where the adjoining owner sues the excavator for damages resulting from the removal of lateral support, but there are no cases where the excavator sues the adjoining owner for damages resulting to the excavator, as a result of the failure of the adjoining owner to prevent the improvements on the adjoining owner's land from slipping on to the property of the excavator.

The right of lateral support to the soil itself is a property right universally recognized by text-writers and courts, and support cannot be taken away by one adjoining owner from the property of another without his being liable in damages therefor. But this right does not extend by the common law to buildings or improvements upon the adjoining land, increasing the downward and lateral pressure, but is made to do so by the statute law of this state under certain conditions, which are set forth in Sections 3782 and 3783, General Code, as follows:

"Sec. 3782. If the owner or possessor of any lot or land, in any municipality, digs, or causes to be dug, any cellar, pit, vault, or excavation, to a greater depth than nine feet below the curb of the street or streets on which such lot or land

abuts, or, if there be no curb, below the established grade of the street or streets on which such lot or land abuts, or, if there be no curb or established grade below the surface of the adjoining lots, and by such excavation, causes any damage to any wall, house, or other building upon the lots adjoining thereto, such owner or possessor shall be liable, in a civil action, to the party injured, to the full amount of such damage. When there is a curb or established grade, the depth of such excavation, at any point thereof, shall be measured downward from the pitch line projected laterally over the lot or land from and between the corresponding points in the nearest curb or established grade opposite the ends of such pitch line.''

''Sec. 3783. Such owner or possessor may dig, or cause to be dug, any such cellar, pit or excavation, to the full depth of any foundation wall of any building upon the adjoining lot or lots, or to the full depth of nine feet below the established grade of the street or streets whereon such lot abuts, without reference to the depth of adjoining foundation walls, without incurring the liability prescribed in the preceding section, and may, on thirty days' notice to adjoining owners, grade and improve the surface of any lot to correspond with the established grade of the street, streets or alleys, upon which such lot or land abuts, without incurring liability.''

The above sections were construed by the Circuit Court of Summit county in 1906 in the case of *Belden* v. *Franklin,* 8 C. C. (N. S.), page 159, as follows:

''The effect of Section 2676, Revised Statutes,

relative to injuries caused by excavations, is to amplify the common law rule as to lateral support, so as to create a liability for removing lateral support of buildings, where an excavation goes more than nine feet below the street grade. It does not modify the common law rule as to lateral support of the soil itself.''

It is established in the instant case that the slide from the company's property of the wall, dirt, etc., upon the plaintiff's property was caused by the weight of the artificial improvements upon defendant's property, and that there would not have been any damage except for the construction of said retaining wall and fill.

When the retaining wall was built it was not built much below the surface of the soil, and depended upon the plaintiff leaving his property in its natural state and furnishing support to said wall to prevent the same from sliding and tumbling down. This, the defendant had no right to claim or expect, as it amounted to a taking of the property of the plaintiff to and for the use of the defendant without compensation. The plaintiff had a right to use his property in any lawful manner that he saw fit, and the defendant had no right to abridge or limit this by the construction of the wall and by making the fill it did.

When the defendant company made the improvements upon its property, it was its duty to do so with the full knowledge of the rights of the plaintiff, with the knowledge that he would have a right, at any time he saw fit to do so, to withdraw the lateral support of the soil from the support of the improvements of the defendant on its land.

The defendant knew or ought to have known that the plaintiff had a right to excavate on his soil nine feet, as set forth in the foregoing sections, which were in full force and effect when the wall was built, and it ought to have constructed its improvements so that it would not have been necessary to rely upon the property of the plaintiff to sustain the same. Having built the wall and made the improvements upon its property under such circumstances, it was its duty, when it had notice of the improvement being made by the plaintiff, to see that the wall and fill remained upon its own land, and if it failed to take such steps to do so as were necessary, and the same fell upon the property of the plaintiff and caused him damage and loss, the defendant was guilty of a trespass and should answer in damages therefor.

The plaintiff not being guilty of any negligence, and well within his rights, it seems to us that the defendant is in the same position as though it had constructed a building upon its land and through its own negligence the same had fallen upon the land of the plaintiff, to his damage.

The company has cited the following cases as bearing somewhat upon the rule which should apply in this case: *First Natl. Bank* v. *Villegra* (92 Cal., 96), 28 Pac., 97; *Eads* v. *Gains,* 58 Mo. App., 586; *Flanagan Bros. Mfg. Co.* v. *Levine,* 142 Mo. App., 242, 125 S. E., 1172.

The California case was based upon a statute of that state wherein the original plaintiff, the excavator, sued for the amount expended for supporting the building upon the adjoining land, and the court in its syllabus says:

"Under Civil Code Cal. Sec. 832, giving the owner of land the right to excavate for building purposes, taking due precautions to sustain the adjacent land, and giving notice to the owner of his intentions, the excavator cannot recover for money expended in sustaining the adjacent land. The notice required does not impose a duty upon the adjacent property owner, for the neglect of which a liability could be created in favor of the excavator."

In the opinion the court says:

"The purpose of the notice required was to give the adjacent land-owner an opportunity to protect his property from possible damage if he so desired; if he did not so desire, or was willing to assume the risk brought about by the threatened excavation, then, if dire results to his property should follow, the liability for such results would lie at his own door. The purpose of the section, in its broadest scope, was to enable the excavator to *relieve* himself from liability, not to *create* a liability in favor of himself, upon the adjacent owner. It clearly appears that plaintiff expended this money for his own benefit and his own advantage, and not for the benefit and use of the defendant. A party cannot of his own volition create an obligation in his own favor by doing some act for his own interests, and the necessity for which was caused by himself. This is in no sense an action brought for the recovery of money advanced for and to the use of defendant. No legal duty rested upon the defendant to perform the work for which this money was expended, and plaintiff cannot cre-

ate for himself the position of creditor against the will of the alleged debtor.''

The case found in 58 Missouri Appeals was based upon an ordinance of the city of St. Louis, and the court says, in the first paragraph of the syllabus:

''The owner of a building has no natural easement for the lateral support of it by the land of his neighbor. He is under obligation to shore or protect it on notification of an intended adjoining excavation by the proprietor of the adjacent land; and, if he fails to do so, the building may be shored or protected at his expense by such adjacent proprietor.''

And the court in its opinion, at page 592, says:

''It must also result, in principle, that the householder becomes liable to an adjoining proprietor, excavating with care, for failure to perform the duty of protecting his building after notice, provided such failure causes damage or loss.

''The ground work of the duty imposed by law upon a householder to protect his building in such cases is laid in the maxim, which enjoins such a use of one's own property as not to injure another —*sic utere tuo ut alienum non laedas.*''

In a later case, decided by the Court of Appeals of Kansas City, *Flanagan Bros. Mfg. Co.* v. *Levine,* 142 Mo. App., 242, 125 S. W., 1172, the court holds, in the third paragraph of the syllabus:

''Since one excavating on his lot was not bound to shore a building on an adjoining lot in order to protect such building, he could not recover for the expense of shoring the same; the work not being done at the owner's request.''

In the opinion, on page 1173, in discussing the case of *Eads* v. *Gains, supra,* the court says:

"The St. Louis Court of Appeals sustained an action by an adjoining proprietor against the owner of an adjacent building, for shoring, etc. But the petition in that case alleged that, upon the owner's refusal to secure the building, it became necessary for the adjoining proprietor to do so to avoid great danger to his workmen engaged in the excavation. We have nothing of that kind in this case. The petition, as has been stated above, is based altogether upon the idea that defendant failed to protect her own property, and that plaintiff, without request, did it for her. There is no allegation, direct or by inference, that the work defendant refused to do and plaintiff did do was necessary in order to secure the latter in any right."

From a careful reading and study of the foregoing cases one will find the principle announced to be that the excavating landowner cannot volunteer to protect the property of the adjoining owner and prevent the improvements from falling upon the land of the excavator and charge the expense to his neighbor, when the neighbor is willing to take the risk and be accountable for any damages resulting therefrom.

We believe that the rule announced by the Supreme Court of Errors of the state of Connecticut, in the year 1917, is the correct one to be followed in this case, which rule is found in *Lyons* v. *Walsh,* 92 Conn., 18, 101 Atl. Rep., 488. In the second paragraph of the syllabus, the court holds:

"While the owner of a lot on which parts of a disintegrating retaining wall on the adjoining lot falls may recover for damages done, he may not have mandatory injunction for restoration of the wall; irreparable injury not clearly appearing."

And in the opinion, the court says:

"The plaintiff is entitled to recover for the damage already done to her land by falling parts of the wall; but as to her claim for equitable relief by way of a mandatory injunction directing the rebuilding or restoration of the wall to its original condition, we are not satisfied that irreparable injury is clearly enough disclosed to warrant the exercise of so drastic a power."

It seems to us that the defendant company is in the same position as the original defendant in the foregoing case, owed the same duty to the plaintiff, and was liable in damages for the falling of its wall, and the fact that the plaintiff excavated up to the defendant's line did not change or modify the company's duty and obligation to the plaintiff, so long as plaintiff exercised ordinary care in making his improvements, which he did.

See also: *McKnight* v. *Denny,* 198 Pa., 323, 47 Atl., 970; *Bishop* v. *Readsboro Chair Mfg. Co.,* 85 Vt., 141, 36 L. R. A. (N. S.), 1171; *Dixon, Admr.,* v. *Wachenheimer,* 9 C. C., 401.

We therefore hold that as the plaintiff, after notice to the defendant, and in the exercise of ordinary care and without negligence, removed the lateral support of his soil from the soil of the defendant, and the defendant's improvements fell upon the property of the plaintiff to his damage, which falling was due to the negligence of the defendant in the construction of its improvements,

the plaintiff is entitled to recover from the defendant the amount of the damages sustained by him.

We do not find it necessary to pass upon the other point suggested by the plaintiff, which he claims would support the findings of the jury and the judgment in this case.

The judgment of the lower court is therefore affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and FUNK, J., concur.