MARGARET A. YOUNG v. MALL INVESTMENT COMPANY
AND OTHERS.[1]

October 21, 1927.

No. 26,287.

**Common law rule as to lateral support of land from adjoining owner's land.**
1. The common law rule as to the rights and duties of owners of adjoining lands in the matter of excavating for foundations or other purposes, on their respective lots or tracts, *held* to apply in this state.

**Ordinance in question impairs vested rights of adjoining landowner and is void.**
2. An ordinance of the city of Minneapolis, regulating excavations and providing that all excavations for buildings shall be sheath-piled where it may be necessary to prevent the adjoining soil from caving in by reason of its own weight, or by reason of any load that may rest upon it, and providing that any person excavating for or commencing any foundation for any building shall fully protect any adjoining land or buildings, or the walls thereof, so that it shall remain as stable as before the excavation was commenced, *held* not to come within the police power of the municipality and to impair the vested rights of the adjoining landowner to the use of his property.

Adjoining Landowners, 1 C. J. p. 1212 n. 3, 7; p. 1214 n. 27.
Constitutional Law, 12 C. J. p. 958 n. 71.
Municipal Corporations, 43 C. J. p. 229 n. 70.

Plaintiff appealed from an order of the district court for Hennepin county, Baldwin, J., denying her motion for a new trial of the cause of action stated in the complaint so far as it was based on a provision of the city ordinance of Minneapolis. Affirmed.

*Margaret A. Young,* pro se.

*Deutsch, Loeffler & Amick* and *Arctander & Jacobson,* for respondents.

[1] Reported in 215 N. W. 840.

OLSEN, C.

Plaintiff brings this action to recover damages caused to her lot and building by reason of the excavation for the foundation of a building on the adjoining lot, owned by one of the defendants. She bases her right of recovery principally on an ordinance of the city of Minneapolis. Defendants attack the ordinance as void and unconstitutional.

The ordinance provides:

"All excavations for buildings shall be properly guarded and protected by the person, persons or corporations causing the same to be made, so as to prevent the same from becoming dangerous to life or limb, and shall be sheath-piled where it may be necessary to prevent the adjoining soil from caving in by reason of its own weight, or by reason of any load that may rest upon it.

"Any persons excavating for or commencing any foundation for any building shall fully protect any adjoining land or buildings, or the walls thereof, so that it shall remain as stable as before the excavation was commenced."

1. The rule of the common law, followed and held to be the law in this state and declared to be the law by the Supreme Court of the United States and the supreme courts of many of the states, is that the landowner has the right to have his land preserved unbroken, and that an adjoining owner excavating on his own land is subject to this restriction and must not remove the earth so near to the land of his neighbor, or in such manner, as to cause his neighbor's soil to crumble or cave in under its own weight. But this right of lateral support applies only to the land in its natural condition and not to buildings or other artificial structures or loads placed on the land. One who excavates on his own land must guard the adjoining land to the extent that, if the soil thereon had remained or is in its natural condition, it will not crumble or cave in of its own weight.

The rule is stated and approved in Transportation Co. v. Chicago, 99 U. S. 635, 25 L. ed. 336; Schultz v. Bower, 57 Minn. 493, 59

N. W. 631, 47 A. S. R. 630; Gilmore v. Driscoll, 122 Mass. 199, 23 Am. R. 312; Bissell v. Ford, 176 Mich. 64, 141 N. W. 860; Thompson, Real Property, § 549; and in other cases.

It is a law governing the title and right of use of real property, and, under the law, vested rights in real property have been acquired in this state.

The ordinance in question attempts radically to change this law by casting upon the adjoining landowner the burden of protecting any building, structure, or load resting upon his neighbor's land. As stated in the case of Transportation Co. v. Chicago, 99 U. S. 635, 645, 25 L. ed. 336,

"It would put it in the power of a lot-owner, by erecting heavy buildings on his lot, to greatly abridge the right of his neighbor to use his lot. It would make the rights of the prior occupant greatly superior to those of the latter."

2. The restriction and burden here imposed are upon the use of the land rather than upon the title. The general rule is that the owner of land has vested rights not only in the bare title to the land but also in the use which he may make of the land.

The rule as to impairment of such rights is stated in 12 C. J. p. 957, as follows:

"A statute or ordinance that attempts to impose unreasonable restrictions on the use of private property is void as an attempt at impairment of vested rights. But there cannot be any vested right to the use of property in such a manner that it constitutes a nuisance, or an injury to the public health or morals, or an injury to the property rights of others."

None of the exceptions stated are pertinent here.

The ordinance here in question is absolute in terms, without qualifications or exceptions. It has no reference to location of the land; whether in the built-up sections of the city or in practically rural or unsettled sections; it has no reference to nearness or distance from streets or highways; no reference to the kind of structures or loads required to be protected against. In its pres-

ent form it is clearly applicable to cases where no public interest is involved and where its only effect is to serve private interests and grant property rights to one private party and impose burdens upon another private owner of property.

For these reasons this court is constrained to hold that this ordinance cannot be sustained under the police power of the municipality; that it is not a reasonable restriction on the use of private property; that it impairs vested rights of the use of real property, and is invalid and unconstitutional.

The terms of the ordinance, providing that excavations shall be properly guarded and protected so as not to be dangerous to life or limb and shall be sheath-piled where it may be necessary to prevent the adjoining soil from caving in by reason of its own weight, are unobjectionable, and it is suggested that to that extent the ordinance might be approved. That, however, would radically change the ordinance. We do not know that the city council of Minneapolis would adopt such an ordinance, and for us so to hold would amount to judicial legislation.

The case comes here in a somewhat irregular manner. After plaintiff had introduced part of her evidence, the question of the validity of the ordinance was presented, and the district court held the ordinance invalid. Plaintiff then asked leave to dismiss without prejudice, which was denied. Defendants moved for dismissal on the merits, and the court made its order dismissing the case with prejudice, "in so far as the plaintiff makes any claim to recover here on account of the ordinance pleaded in the complaint," the court stating that this was done in order that plaintiff be given an opportunity to have the question of the validity of the ordinance finally disposed of with the least expense to all parties.

Later plaintiff made a motion for a new trial, and the court denied the motion "with reference to any cause of action attempted to be set forth in the complaint of plaintiff by reason of defendants' alleged failure to comply with any ordinance of the city of Minneapolis." And the court further ordered that a new trial of the case be granted with respect to any cause of action stated in said com-

plaint aside from such as may be attempted to be based upon the ordinance. The appeal is from that portion of this order denying plaintiff's motion for a new trial as to the cause of action based upon the ordinance.

The practice is disapproved, but the order appealed from may be treated the same as if it were an order striking out that part of the complaint based on the ordinance, or as an order granting a new trial of a particular issue and refusing a new trial as to one or more other issues.

Plaintiff is not precluded from a recovery. She claims a cause of action under the common law as we have held it to be, and the district court has granted her a new trial on such cause of action. If any amendments of her complaint are deemed necessary for that purpose, the district court should grant leave to amend. Defendants were required, under the common law, to so conduct their work of excavating as not to disturb the soil of plaintiff's lot in its natural condition or cause it to crumble or fall of its own weight. If they failed to exercise proper precaution in that regard and thereby caused damage to plaintiff's lot and building, she would be entitled to recover. In other words, if defendants removed the lateral support of plaintiff's lot, within the rule of the common law, and failed to exercise proper care in that respect and thereby damage was caused to her lot and building, not caused by the added weight of the building, then defendants would be liable.

Defendants argue that power to adopt the ordinance in question was not granted by the constitutional and statutory provisions providing for home rule charters, nor granted to the city council by the charter adopted by the city of Minneapolis, constitution, art. 4, § 36; G. S. 1923, § 1271, and c. IV, § 5, of the city charter.

The powers granted to cities by the constitution and statutes in the matter of home rule charters are very broad, and the provisions of the charter granting power to the city council to "regulate the construction of all buildings,   *   *   *   to prescribe the depths of cellars, the material and method of construction of foundations and foundation walls," appear to authorize any reasonable regulation

of excavating for foundations. But the constitutional limitation is that such charters must be "consistent with and subject to the laws of this state," and such powers do not authorize unreasonable or unconstitutional ordinances.

Plaintiff urges that it was error for the court to deny her motion to dismiss without prejudice. The motion might well have been granted; but, as she was later granted a new trial of all the issues she is entitled to try, that is now a moot question.

Order affirmed.