Rose Korogodsky et al., Trading as Kay-Bee Textile Mills, Plaintiffs in Error, v. Benjamin Chimberoff and Rose Chimberoff, Defendants in Error.

Gen. No. 33,757.

Opinion filed March 5, 1930.

ISADORE ISENBERG, for plaintiffs in error; JAMES B. CASHIN, of counsel.

MAX WARD, for defendants in error; AL MARTIN CURTIS, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

The plaintiffs, Rose Korogodsky, Morris Davidson and Leo Choose, doing business as Kay-Bee Textile Mills, charge in their declaration that they were the owners of a certain lot situated in the City of Chicago, and that the defendants, Benjamin Chimberoff and Rose Chimberoff, were owners of an adjacent lot, improved with a 3-story brick building; charge that the plaintiffs' property was improved with a 2-story brick building, which was to be demolished for the purpose of making way for a new building to be erected on the property; that the plaintiffs notified the defendants that they were about to take steps to improve their property and that the basement of the new building would come below the footings of the defendants' building; that the defendants should take care of their property so as to avoid any damage that might result by reason of any excavating done on plaintiffs' prop-

erty; that it became the duty of the defendants to exercise reasonable and ordinary care in the protection of their property, by reason of said excavation, but that they failed to exercise such care; that the plaintiffs proceeded to excavate with all reasonable and due care on their part, in order not to injure the adjoining property of the defendants, but it developed that the property of the defendants would cave in and result in damage to the property of the defendants; that they notified defendants of that fact; that the defendants failed and refused to shore and brace up their land to prevent it from caving in and, by reason thereof, it became necessary for the plaintiffs to shore and brace up the land of the defendants at a cost of approximately $500, which said expenditure was for the use and benefit of the defendants; charges that, by reason of said expenditure, the defendants became liable to repay the plaintiffs for the amount so expended.

To this amended declaration a demurrer was interposed and sustained, and plaintiffs electing to stand by their declaration, a judgment was entered in favor of defendants and costs assessed against the plaintiffs. From this judgment this appeal is perfected.

The rule is well settled in this State that the owner of real estate is entitled to have his soil in its natural state sustained, when necessary, by the lateral support of the adjacent soil of the adjoining owner. Moreover, a person owning such a lot and in the act of excavating, is required to use reasonable skill and care in view of the character of the building and the nature of the soil so as to avoid doing unnecessary injury to the buildings located upon the adjoining property. *City of Quincy v. Jones,* 76 Ill. 231.

If injury is sustained to a building in consequence of the withdrawing of the support of the neighboring soil, when it has been done with reasonable skill and care, there can be no recovery. But, if injury is done to the

building by reason of the careless and negligent manner in which the soil is withdrawn, the owner is entitled to recover to the extent of the injury thus occasioned.

If the owner of adjacent improved property does not see fit to protect himself and injury is sustained by him by reason of an excavation which is done with all reasonable care and skill, then he cannot recover, but the other person has no right to compel him to shore his own property. The one making the improvement, has a common-law right to go upon the premises of the other for the purpose of shoring such building in order to protect property, when it is necessary, to prevent damage by reason of an excavation, but this is done at his own expense and cost. We are not in accord with the rule stated in the Missouri cases, but think the correct rule is found in the case of *First Nat. Bank of San Francisco v. Villegra,* 92 Cal. 96. The court in its opinion in that case said:

"It clearly appears that plaintiff expended this money for his own benefit and his own advantage, and not for the benefit and use of the defendant. A party cannot of his own volition create an obligation in his own favor by doing some act for his own interests, and the necessity for which was caused by himself. This is in no sense an action brought for the recovery of money advanced for and to the use of defendant. No legal duty rested upon the defendant to perform the work for which this money was expended, and plaintiff cannot create for himself the position of creditor against the will of the alleged debtor."

There is no allegation in the declaration that any damages would result to the plaintiffs in the event the property of the defendants was not properly shored, but the action is predicated upon damage that might be sustained by the defendants. The declaration appears to be based upon the theory that, by reason of the failure of the defendants to care for themselves, the work done should be considered as at their instance

and request and the defendants thereby become liable for such work as in assumpsit.

We see no force in this argument but are of the opinion that the burden was upon the plaintiffs to have provided the proper shoring, if it was necessary, in the exercise of reasonable care on their part. If it was not necessary under such circumstances then the defendants should abide the consequences.

For the reasons stated in this opinion the judgment of the superior court is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM, JJ., concur.