Essex County Circuit Court.

JOSEPH WEISBERGER, PLAINTIFF, v. HERMAN MAURER, DEFENDANT.

For the motion, *Philip J. Schotland.*

*Contra, Samuel I. Kessler.*

DUNGAN, J.   This is a motion to strike out the plaintiff's complaint, the first count of which charges the defendant with failure to protect his land and structures thereon against the excavation of the plaintiff upon his adjoining lot to a depth not greater than eight feet, which was done by the plaintiff, after notice to the defendant and after the defendant's failure to do so, and the plaintiff seeks by this suit to recover from the defendant the cost of a retaining wall erected by him for the purpose of affording such protection.

The second count charges that, as a result of the defendant's failure, dirt and debris from the defendant's land fell upon the land of the plaintiff to his damage, and to prevent further injury to his premises he erected a retaining wall, the cost of which he seeks to recover from the defendant.

The third count charges that the defendant collected and discharged upon the plaintiff's adjoining land, surface and drainage water to the damage of the plaintiff.

Plaintiff relies upon section 66 of the building code of the city of Newark which provides:

"Excavations not exceeding eight feet.

"1. If such excavation is not intended to be, or shall not be, carried to a depth of more than eight feet below the curb, the owner of any wall, building or structure, the safety of which may be affected by said excavation, shall preserve and protect the same from injury, and support the same by proper foundations; and, when necessary for that purpose, shall be permitted to enter upon the premises where such excavation is to be made. In case such wall, building or structure, however, is so located that the curb to which it is properly referred is at a higher level than the curb to which the excavation is referred, such part of the necessary underpinning or foundation as may be due to the difference in curb levels, shall be made and maintained at the joint expense of the person causing the excavation to be made and the owner of such wall, building or structure. (Building Code, 1928, Revisions, page 40.")

And claims that such provision is authorized by chapter 152, laws of 1917, page 319, article XIV, section 1, which authorizes municipalities "to make, publish, enforce, amend or repeal ordinances" for certain purposes, one of which is paragraph X, page 355:

To regulate excavations below the established grade or curb line of any street in any such municipality, not greater than eight feet, which the owner of any land may make, in the erection of any building upon his own property; and to provide for the giving of notice, in writing, of such intended excavation to any adjoining owner or owners, and that they will be required to protect and care for their several foundation walls that may be endangered by such excavation; and to provide that in case of the neglect or refusal, for ten days, of such adjoining owner or owners to take proper action to secure and protect the foundations of any adjacent building or other structure, that the party or parties giving such notice, or their agents, contractors or employes, may enter into and upon such adjoining property and do all necessary work to make such foundations secure, and may recover the cost of such work and labor in so protecting such adjacent property; and to make such further and other provisions in rela-

tion to the proper conduct and performance of said work as the governing body or board of the municipality may deem necessary and proper.

It will be observed that this paragraph X authorizes an ordinance to provide for giving notice of the intended excavation to the adjoining owner to protect and care for his foundation walls that may be endangered by such excavation, and to provide that if he neglect or refuse for ten days to do so, the party giving the notice *may enter upon such adjoining property, and do the work necessary to make such foundations secure,* and recover the cost of such work and labor.

Section 66 of the city ordinance is not in accord with this provision of the statute, but provides that *the owner of the structure* shall be permitted, when necessary, to enter upon the *premises where the excavation is to be made* in order to preserve and protect his structures from injury, but gives no right to the excavating owner to go upon his neighbor's land and do the work necessary to make his foundations secure as contemplated by the statute, nor does it provide for notice to the owner of the structures, nor provide that upon his failure to protect his structures, the excavating owner may do so at his expense. The statute does not authorize an ordinance permitting an excavating owner to build a retaining wall on his own premises at the expense of the owner of the structures, but only to authorize him to go upon the land of the owner of such structures and there do the necessary work to make his foundation secure. This the plaintiff did not do.

In addition to this statute and ordinance, the plaintiff relies upon the case of *Eads* v. *Gains, 58 Mo. App.* 586, where recovery was permitted under circumstances similar to those in this case; but, while the general principles stated in that case as to the rights and liabilities of adjoining owners are followed in this state, our courts have not held that where an abutting owner, having structures upon his land, fails upon notice to protect them from falling into the excavation, the adjoining owner may do so at his expense. It may be that, upon such failure, if damage result to the excavating owner's property, he may be liable for that damage, but that is not

the theory of plaintiff's case. What he seeks to recover is not damage for the dirt and debris which fell upon his premises, but the cost of a retaining wall built by him.

The case of *Flanagan Brothers Manufacturing Co.* v. *Levine,* 125 *S. W. Rep.* 1172, also a Missouri case, holds that the purpose of giving notice is "for the purpose of giving the owner of the adjoining property warning and opportunity to protect his building," and that the duty which the owner of a building owes to keep his house from falling into the excavation, is to himself.

I am impressed by the argument in defendant's brief, that "if I own a shack worth less than the cost of protecting it, it seems very high handed to allow the adjoining owner to protect it regardless of cost, at my expense. It may fall and do no damage. It may not fall at all."

Until the plaintiff is damaged, no right of action accrues to him for the failure of the owner of the structures to protect them, and then he may bring an action for such damage, not for the cost of a wall erected by him in anticipation of an injury which may never occur.

These views result in striking out the first and second counts.

As to the third count, there is no doubt that a landowner has a right to change the grade of his land and to erect buildings thereon in such a way as to cause surface water to flow upon the land of his neighbor, and if such neighbor be damaged thereby it is *damnum absque injuria,* but I have never understood that rule of law to permit him to construct and maintain a "pipe or culvert for the collection and discharge of surface and drainage water upon his neighbor's land" to his damage, as charged in this count of the plaintiff's complaint.

The motion to strike out the third count will be denied.