[Civ. No. 4818.   Fourth Dist.   Oct. 27, 1953.]

CORNET STORES (a Corporation), Appellant, v. SECUR-
ITY TRUST & SAVINGS BANK OF SAN DIEGO, as
Executor etc., Respondent.

Roland Maxwell and Paul H. Marston for Appellant.

Stickney & Stickney and Edward Strop for Respondent.

GRIFFIN, J.—This is an action for damages claimed to
be due plaintiff under the provisions of section 832 of the
Civil Code, arising out of the excavation of a basement on
plaintiff's property which adjoined defendant's property.

On January 5, 1951, plaintiff gave notice under section 832, *supra*, to the effect that it intended to make an excavation of 12 feet below the adjacent curb level on its property, for basement purposes; that the notice was given to afford the defendant a reasonable opportunity to protect its property from any damage caused by the excavation; that certain work would be necessary to prevent the defendant's building from falling onto the property of plaintiff and injuring persons and property; and that it was about to begin the construction of a building on plaintiff's property.

On defendant's property, and near the adjoining line, was located a building having a 30-inch foundation. Defendant took no action following this notice. Plaintiff made the excavation and constructed a concrete wall on the property line costing it $4,153, and made demand on defendant for its cost, which defendant refused to pay. After trial by the court judgment was entered in favor of defendant and plaintiff appealed.

It now argues that where an adjoining landowner is given notice, under Civil Code, section 832, of a proposed excavation, and thereafter fails to take any precautions to protect his property, the excavator may take such steps as are necessary to prevent the landowner's building from falling into the excavation and injuring persons and property, and recover the cost of such work from the adjoining landowner, citing *Eads* v. *Gains,* 58 Mo.App. 586; *Christensen* v. *Mann,* 187 Wis. 567 [204 N.W. 499, 501, 41 A.L.R. 1192]; and cases discussed in 129 A.L.R. 629.

It is defendant's contention that the rule followed in *Eads* v. *Gains, supra,* is the minority rule, as indicated in 129 American Law Reports 629. The holding in the Eads case was predicated upon an ordinance imposing a duty upon the adjoining property owner, after receiving notice, to underpin and protect his property, and from such breach of duty that court held the cost of shoring up the wall of such owner by the adjoining owner was recoverable. Defendant cites *First Nat. Bank* v. *Villegra,* 92 Cal. 96 [28 P. 97], which is factually similar to the instant case and is predicated upon section 832 of the Civil Code as it existed in 1891. There it was held that a coterminous owner of land who notifies the adjacent owner of his intention to excavate the land for purposes of building and who, upon the neglect of the adjacent owner to take any action to protect his property from the danger of excavation, expends money in support of the walls of a build-

ing on the adjacent land in order to prevent the building from falling in upon the excavated lot, expends such money for his own use and benefit, and cannot recover it from the adjacent owner. This same rule was applied in *Carty* v. *Blauth,* 169 Cal. 713 [147 P. 949]. It cites several cases in California which hold that there was no duty imposed by the statute upon the property owner to safeguard his building from possible collapse, and stated that the effect of section 832, *supra,* then existing, had not materially changed the common-law rule. (See 1 Cal.Jur., p. 411, § 21.)

Plaintiff also contends that since it alleged that the work performed was necessary to prevent injury to persons and property of plaintiff, the holding in the Villegra case may be distinguished. We see no merit to this contention. The statute does not specify any such exception or distinction.

In *Korogodsky* v. *Chimberoff* (1930), 256 Ill.App. 255, the court said:

"If the owner of adjacent improved property does not see fit to protect himself and injury is sustained by him by reason of an excavation which is done with all reasonable care and skill, then he cannot recover, but the other person has no right to compel him to shore his own property. The one making the improvement, has a common-law right to go upon the premises of the other for the purpose of shoring such building in order to protect property, when it is necessary, to prevent damage by reason of an excavation, but this is done at his own expense and cost. We are not in accord with the rule stated in the Missouri cases, but think the correct rule is found in the case of *First National Bank of San Francisco* v. *Villegra,* 92 Cal. 96 [28 P. 97]."

The Missouri rule was also repudiated by the Minnesota Supreme Court in *Braun* v. *Hamack,* decided in 1940, 206 Minn. 572 [289 N.W. 553], and reported in 129 A.L.R. 618.

The reporter for 129 American Law Reports, at page 624, cites the Villegra case and cases from Illinois, Minnesota, Missouri, Montana, and New Jersey, as being in accord with the California courts, and states that they represent the holding of a majority of the courts.

In *Flanagan Bros. Mfg. Co.* v. *Levine* (1910), 142 Mo.App. 242 [125 S.W. 1172], the court refused to adopt the rule in the Eads case. No city ordinance was there involved. The holding of a minority of the courts is supported by cases in Missouri, Connecticut and Illinois, although the Korogodsky case followed the majority rule.

Section 832 of the Civil Code has been amended in many particulars since 1891, but we perceive no provision therein which would change the holding in the Villegra case. ■ As stated in *Carty* v. *Blauth*, 169 Cal. 713 [147 P. 949] : ". . . the purpose of section 832 in its broadest scope was to enable the excavator to relieve himself from liability, not to create any liability in his favor against his neighbor."

This being the judicial interpretation in this state of the effect of the section, any changes should be made by statutory law relating to the duties and liabilities of adjoining property owners, and not by this court.

Judgment affirmed.

Barnard, P. J., concurred.