356 P.2d 31

JAMES STEWART COMPANY, Appellant,

v.

GARDEN PLAZA BUILDING CORPORATION, INC., Appellee.

No. 6641.

Supreme Court of Arizona.

Oct. 13, 1960.

———◆———

Boyle, Bilby, Thompson & Shoenhair, Tucson, for appellant.

Lawrence V. Robertson and Frank E. Drachman, Jr., Tucson, for appellee.

UDALL, Justice.

Plaintiff-appellant (hereinafter called plaintiff) is a Texas corporation duly licensed to do business in Arizona, and defendant-appellee (hereinafter called defendant) is an Arizona corporation with its principal place of business in Tucson, Arizona. The properties involved in this case are all located within the city of Tucson.

Plaintiff sued defendant for $9,340.21 which it alleges to be reasonable costs incurred by it in underpinning defendant's building to a depth of 12 feet. Plaintiff performed the work after notifying defendant of its intention to make an excavation on the property adjoining the property where defendant's building was located and after defendant's refusal to do the underpinning. The trial court dismissed the plaintiff's amended complaint for failure to state a claim.

Plaintiff acknowledges that under the common law a building owner is under no compulsion to protect its foundations or to reimburse the adjoining excavator for so doing if such owner chooses to assume the risk of liability for damage caused by possible settling or collapse due to the weight of the building. However, plaintiff contends that the Uniform Building Code of the City of Tucson, Ch. 28, § 2801 (1952), changes the common law so as to compel building owners to protect their foundations or reimburse an adjoining excavator for so doing. Section 2801 reads as follows:

"Sec. 2801. Excavations for buildings and excavations accessory thereto shall be protected and guarded against danger of life and property. Permanent excavations shall have retaining walls of masonry or concrete of sufficient strength to retain the embankment together with any surcharged loads. No excavation for any purpose shall extend within one foot (1') of the angle of repose or natural slope of the soil under any footing or foundation, unless such footing or foundation is first properly underpinned or protected against settlement.

"Any person making or causing an excavation to be made to a depth of twelve feet (12') or less, below the grade, shall protect the excavation so that the soil of adjoining property will not cave in or settle, but shall not

be liable for the expense of underpinning or extending the foundation of buildings on adjoining properties where his excavation is not in excess of twelve feet (12′) in depth. Before commencing the excavation the person making or causing the excavation to be made shall notify in writing the owners of adjoining buildings not less than 10 days before such excavation is to be made that the excavation is to be made and that the adjoining buildings should be protected. The owners of the adjoining properties shall be given access to the excavation for the purpose of protecting such adjoining buildings.

"Any person making or causing an excavation to be made. exceeding twelve feet (12′) in depth below the grade, shall protect the excavation so that the adjoining soil will not cave in or settle, and shall extend the foundation of any adjoining buildings below the depth of twelve feet (12′) below grade at his own expense. The owner of the adjoining buildings shall extend the foundations of his buildings to a depth of twelve feet (12′) below grade at his own expense as provided in the preceding paragraph."

■ We have never had occasion to decide the issue of liability for costs incurred by an excavator in shoring up the foundation of a building adjoining the excavation. But we think the rule sound which is followed by a great majority of states treating the excavator as a mere volunteer not entitled to reimbursement. See Cornet Stores v. Security Trust & Sav. Bank of San Diego, 120 Cal.App.2d 852, 262 P.2d 77; Braun v. Hamack, 206 Minn. 572, 289 N.W. 553; and cases annotated in 129 A.L.R. 623. Furthermore, if an ordinance so sketchy as the one in this case, providing for no hearing or other criteria for fixing the need for or extent of the burden to be cast on the owner of a building which is safe except for the excavation, were construed as abrogating the rule we doubt its validity under the requirements of due process. See Application of Fulmain Realty Corp., 14 Misc.2d 108, 177 N.Y.S.2d 609. However, we do not find it necessary to reach this point since we do not think the Tucson city ordinance is contrary to the sound majority rule.

The plaintiff places great reliance on the case of Eads v. Gains, 58 Mo.App. 586. That case represents the minority position and was governed by an ordinance which is substantially different from the ordinance involved in this case. We do not consider that case as binding on this court or controlling in the disposition of the case at bar.

We do not believe that the Tucson city officials intended, by the adoption of this ordinance, to permit an excavator to voluntarily expend large sums of money for the

underpinning of an adjoining building at the owner's expense and contrary to his wishes and even in cases where the cost of underpinning might exceed the value of the building. Nor do we believe that they intended to deny building owners the right to exercise their own judgment concerning whether to bear the burden of possible cracks or damage to their building or to bear the burden of avoiding that damage by paying the cost of underpinning. This choice the common law rightly left to the building owner.

A natural reading of this statute, not strained to find an abrogation of the common-law rule, indicates it is merely a codification of the common-law duty of the parties with but two modifications: (1) a requirement that the excavator give adequate notice to protect the building owner against surprise, and (2) a division of the burden to support existing artificial structures at the 12-foot level. This latter modification no doubt was intended to relieve the building owner from the harshness of the common-law rule which puts upon him the burden of supporting his own structure no matter how deep the adjoining excavation. The Texas Court of Civil Appeals has also adopted this view in construing a similar statute. El Paso Electric Co. v. Safeway Stores, Tex.Civ.App., 257 S.W.2d 502. Properly viewed, this ordinance is intended more as a form of relief to owners of buildings than as a burden to them as claimed by the plaintiff.

Judgment affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and LESHER, JJ., concurring.